## DANIEL MANZI *v.* JONI MANZI
### (AC 33411)

DiPentima, C. J., and Alvord and Bear, Js.

Argued January 19—officially released March 20, 2012

*Daniel Manzi,* pro se, the appellant (plaintiff).

*Joni Manzi,* pro se, the appellee (defendant), filed a brief.

PER CURIAM. The plaintiff, Daniel Manzi, brings this appeal claiming that the trial court abused its discretion in finding, without a hearing, that he had the ability to pay the lump sum alimony owed to the defendant, Joni Manzi, and that due to his wilful failure to pay he was in contempt of a court order. We affirm the judgment of the trial court.

The marriage of the parties was dissolved on August 17, 2009. Among the financial orders entered as part of the judgment was lump sum alimony from the plaintiff to the defendant in the amount of $45,000, payable in three installments. The plaintiff was to pay the first installment of $15,000 within ninety days of the judgment of dissolution, the second payment of $15,000 within fifteen months of the judgment and the final payment of $15,000 within twenty-seven months of the judgment. By a stipulation of the parties, which was accepted by the court on January 25, 2010, this order was modified as follows: a first payment of $15,000 was ordered due on November 17, 2010, a second payment of $15,000 was ordered due on November 17, 2011, and a final payment of $10,000 was ordered due on November 17, 2012. In January, 2011, the defendant filed a motion for contempt, claiming that the plaintiff had failed to pay her the first installment due on November 17, 2010. After a February 14, 2011 hearing on that motion, the court entered the following corrected order: "The court finds the plaintiff in noncompliance of the court order and further finds this noncompliance to be wilful. The court also finds the $15,000 alimony payment due in November 2010 still outstanding. The court orders the plaintiff to pay to the defendant $5,000 by March 14, 2011 toward the arrearage. The parties are to return to court on March 14, 2011 to review compliance of this order." There was no appeal taken from this finding of contempt. See *Przekopski* v. *Zoning Board of*

*Appeals,* 131 Conn. App. 178, 190–91, 26 A.3d 657 (finding of wilful noncompliance with court order construed as judgment of civil contempt), cert. denied, 302 Conn. 946, 30 A.3d 1 (2011).

Thereafter, the parties returned to court on March 14, 2011. On that date the court entered the following order: "This matter came before the court on a review of compliance with orders. The court found the plaintiff in contempt and he was ordered incarcerated and a purge figure was set at $5,000. The plaintiff produced a bank check in the sum of $3,100 payable to the defendant as well as $1,900 in cash. It is therefore ordered that the plaintiff shall send the $3,100 bank check to the defendant forthwith and he shall pay into court the $1,900 in cash. The purge figure is ordered reduced to $1,900 and the plaintiff is ordered released from incarceration. This matter is reassigned for a review of [the] plaintiff's compliance with the court's orders on April 11, 2011 . . . ." There was no appeal from this finding of contempt.

On April 11, 2011, the parties again appeared before the court. After hearing argument, the court entered the following order: "This matter having been continued from [March 14, 2011] for a review of compliance with the court's orders, it is hereby ordered that the plaintiff shall pay to the defendant the sum of $3,000 on or before [April 25, 2011]. This matter is continued to [April 25, 2011] at 9:30 a.m. to review compliance with this order." This appeal followed.[1]

The plaintiff appeals from the April 11, 2011 order of the court. In his brief, the plaintiff argues that on April 11, 2011, the court found him in contempt of court without making specific findings as to his ability to

---

[1] On appeal both parties are self-represented, and both submitted briefs to this court. Only the plaintiff, however, appeared at oral argument. We note that the defendant listed a New Jersey address on her brief.

pay and without holding an evidentiary hearing. We carefully have reviewed the transcript of that proceeding as well as the entire record, and we do not find support for the plaintiff's claim that he was found in contempt on April 11, 2011.[2] Thus, there is no basis in the record for the plaintiff's basic premise on appeal, namely, that the court had found him in contempt on April 11, 2011. See *Rozsa* v. *Rozsa*, 117 Conn. App. 1, 6–7, 977 A.2d 722 (2009) (rejecting plaintiff's claim that court incorrectly calculated his net income because it failed to deduct rental income, where evidence did not support this basic premise); *Collins* v. *Anthem Health Plans, Inc.*, 266 Conn. 12, 63–64, 836 A.2d 1124 (2003) (rejecting claim where, contrary to plaintiffs' central premise, court did not rule that a certain claim was not articulated in complaint).

Further, to the extent that the plaintiff challenges the court's earlier findings of contempt because of a failure by the court to consider his ability to pay, we are unable to review this claim because he has failed to provide transcripts of the proceedings of February 14, 2011, or March 14, 2011. Without these transcripts, we do not know what occurred at these proceedings. "Without either a transcript or an articulation of the court's discretionary ruling, the record is inadequate for a meaningful review of the issues on appeal. [W]e do not decide issues of law in a vacuum. . . . The absence of such a record is an insurmountable obstacle to review of the claims of error in the circumstances of this case. . . . The plaintiff, who, as the appellant, has the burden to provide this court with an adequate record, has failed to do so. See Practice Book § 61-10 . . . . For this reason, we decline to review the merits of the plaintiff's

---

[2] The sole transcript the plaintiff ordered in this appeal is of the proceedings held on April 11, 2011. We note that the Appellate Court file includes only an electronic version of the transcript of the entire April 11, 2011 hearing. See Practice Book § 63-8 (e).

claims." (Citations omitted; internal quotation marks omitted.) *Sabanovic* v. *Sabanovic*, 108 Conn. App. 89, 92, 946 A.2d 1288 (2008).

The judgment is affirmed.