GENERAL ELECTRIC CAPITAL CORPORATION
v. METZ FAMILY ENTERPRISES,
LLC, ET AL.
(AC 34196)

Gruendel, Espinosa and Schaller, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued September 27, 2012—officially released March 19, 2013

*James M. Nugent,* with whom, on the brief, was *James R. Winkel,* for the appellants (defendants).

*David A. Reif,* with whom, on the brief, were *Charles D. Ray* and *Matthew A. Weiner,* for the appellee (plaintiff).

### Opinion

ESPINOSA, J. The defendants, Metz Family Enterprises, LLC (Metz Family), Alicia Metz and Lauren H. Simons, appeal from the judgment of the trial court granting an application for a prejudgment remedy made by the plaintiff, General Electric Capital Corporation,

in the underlying breach of contract action. The defendants claim that the trial court (1) lacked personal jurisdiction over Metz Family, (2) violated the prejudgment remedy statute, General Statutes § 52-278c,[1] by granting a prejudgment remedy when the forum selection clause in a promissory note between the plaintiff and Metz Family prohibited the underlying complaint to which the prejudgment remedy application was attached from being filed in Connecticut, and (3) granted an excessively large prejudgment remedy. We reverse the judgment of the trial court with respect to the prejudgment remedy imposed against Metz Family and affirm the judgment with respect to Metz and Simons.

The following facts as found by the court are relevant to our resolution of this appeal. The plaintiff is a Delaware corporation with its principal place of business in Connecticut. Metz Family is a limited liability corporation organized under the laws of New York and has its chief executive offices in Connecticut. The individual defendants, Metz and Simons, reside in Connecticut. Metz Family owns real property and/or has transacted business in Connecticut.

The court found that "[t]hrough a promissory note dated July 27, 2006, Metz Family, as maker, promised to pay the plaintiff the principal sum of $1.6 million

---

[1] General Statutes § 52-278c (a) provides in relevant part: "[A]ny person desiring to secure a prejudgment remedy shall attach his proposed unsigned writ, summons and complaint to the following documents: (1) An application, directed to the Superior Court to which the action is made returnable, for the prejudgment remedy requested; (2) An affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . will be rendered in the matter in favor of the plaintiff . . . (4) A form of summons directed to a proper officer commanding him to serve upon the defendant at least four days prior to the date of the hearing, pursuant to the law pertaining to the manner of service of civil process, the application, a true and attested copy of the writ, summons and complaint, such affidavit and the order and notice of hearing . . . ."

with interest on the unpaid balance. On January 21, 2009, Metz Family and the plaintiff executed a modification agreement for the sole purpose of modifying the payment schedule set forth in the promissory note. The plaintiff allege[d] that Metz Family breached its obligations under the promissory note by failing to pay installment payments due in March and April, 2011. The plaintiff issued notice to Metz Family that it was in default and demanded past due payments. Thereafter, the plaintiff exercised its right under the promissory note and modification agreement to accelerate the obligations of Metz Family. Metz Family failed to pay its accelerated obligations. [On May 17, 2011, the plaintiff filed a three count complaint against the defendants.] Count one of the complaint alleges breach of contract against Metz Family.

"Counts two and three of the complaint allege breach of guaranty against [Metz and Simons], respectively. The complaint alleges that Metz and Simons signed individual guaranty agreements as a necessary condition for the plaintiff to enter into the promissory note with Metz Family. Upon the default by Metz Family, the plaintiff informed Metz and Simons that Metz Family had failed to make the installment payment(s) due and demanded that Metz and/or Simons satisfy the past due payment(s). Neither Metz nor Simons made payment on the amount due to the plaintiff. Thereafter, the plaintiff informed Metz and Simons that it was exercising its right to accelerate Metz Family's obligations and demanded that Metz and/or Simons, as guarantors, make payment in full. Neither Metz nor Simons satisfied the obligation under the respective individual guaranty agreements to pay the accelerated obligations of Metz Family." The complaint alleged that $1,078,211.96 plus interest, default interest and late charges, in excess of $87,182.05 was due and owing at the time the complaint was filed.

On June 17, 2011, the defendants filed a motion to dismiss the plaintiff's complaint, claiming that Connecticut was an improper venue for the action. The defendants claimed that the forum selection clause[2] in the note designated New York as the exclusive jurisdiction in which Metz Family and the plaintiff agreed to resolve any legal claims arising out of the agreement.[3] In a memorandum of decision filed July 13, 2011, the court

[2] The forum selection clause in the note states in relevant part: "[Metz Family] irrevocably submits to the exclusive jurisdiction of the state and federal courts located in the state of New York to hear and determine any suit, action or proceeding and to settle any disputes, which may arise out of or in connection herewith and with the debt documents (collectively, the 'proceedings'), and [Metz Family] further irrevocably waives any right it may have to remove any such proceedings from any such court (even if removal is sought to another of the above-named courts). [Metz Family] irrevocably waives any objection which it might now or hereafter have to the above-named courts being nominated as the exclusive forum to hear and determine any such proceedings and agrees not to claim that it is not personally subject to the jurisdiction of the above-named courts for any reason whatsoever, that it or its property is immune from legal process for any reason whatsoever, that any such court is not a convenient or appropriate forum in each case whether on the grounds of venue or forum non-conveniens or otherwise. [Metz Family] acknowledges that bringing any such suit, action or proceeding in any court other than the courts set forth above will cause irreparable harm to [the plaintiff] which could not adequately be compensated by monetary damages, and, as such, [Metz Family] agrees that, in addition to any of the remedies to which [the plaintiff] may be entitled at law or in equity, [the plaintiff] will be entitled to an injunction or injunctions (without the posting of any bond and without proof of actual damages) to enjoin the prosecution of any such proceedings in any other court. Notwithstanding the foregoing, each of [Metz Family] and [the plaintiff] shall have the right to apply to a court of competent jurisdiction in the United States of America or abroad for equitable relief as is necessary to preserve, protect and enforce its respective rights under this [n]ote and any other [d]ebt [d]ocument, including, but not limited to orders of attachment or injunction necessary to maintain the status quo pending litigation or to enforce judgments against [Metz Family], any [o]bligor or the collateral pledged to [the plaintiff] pursuant to any [d]ebt [d]ocument or to gain possession of such collateral."

[3] In their motion to dismiss, the defendants also argued that, although the individual guaranty agreements between the individual defendants, Metz and Simons, and the plaintiff did not contain a forum selection clause like the one in the promissory note, the plaintiff's complaint should be dismissed as to the individual defendants to promote judicial economy because the individual guaranty agreements flowed from the promissory note and specified that they were governed by New York law. The defendants do not maintain this argument on appeal.

denied the defendants' motion to dismiss. In a September 8, 2011 articulation of its memorandum of decision, the court further explained the rationale for its denial of the motion to dismiss, as set forth in part II of this opinion.

On May 31, 2011, fourteen days after filing its complaint, the plaintiff filed an application for prejudgment remedy against the defendants, seeking attachment of the defendants' real and personal property in the amount of $1.5 million. Beginning in August, 2011, a hearing on the plaintiff's motion for a prejudgment remedy took place over several days. The hearing focused on jurisdiction, choice of law and the value of a Westwind aircraft in the plaintiff's possession at that time.

In its December 29, 2011 memorandum of decision on the plaintiff's application for a prejudgment remedy, the court found "[t]he defendants [to be] jointly liable on a promissory note which is now in default and on which there [was] a balance of $1,165,394.01 as of the time of acceleration on April 13, 2011. There [was] additional interest of $168,966 between [April 13, 2011] and February 1, 2012, the estimated time for sale of the collateral securing the loan at an estimated sale price of $330,000. The balance due after sale of the plane will, therefore, be approximately $1,004,360.17. Interest due on this balance from February 1, 2012, until an estimated trial date of June 1, 2012, [was] $59,436.10." The court also concluded that there was probable cause that the plaintiff would recover attorney's fees of approximately $200,000. Based on these findings, the court concluded that there was probable cause to find that the plaintiff would secure a judgment against the defendants. The court concluded that a prejudgment remedy of $1.5 million was a reasonable amount and granted the plaintiff permission to attach the assets of the defendants valued at that same amount. The defendants now appeal from the judgment granting the

plaintiff's application for a prejudgment remedy. Additional facts will be set forth as necessary.

## I

Metz Family claims that the court lacked personal jurisdiction over it because Metz Family did not have sufficient contacts with Connecticut necessary for the court to exercise personal jurisdiction over it.[4] Because Metz Family failed to argue a lack of personal jurisdiction to the court, we conclude that Metz Family waived its right to claim a lack of personal jurisdiction.

The following additional undisputed facts are relevant to our resolution of this claim. In their motion to dismiss, the defendants stated that the court lacked jurisdiction over them and that "there is also a tenuous relationship to the state of Connecticut, separate and apart from the parties' specific choice of New York as jurisdiction for any disputes." Referring to this statement, in its September 8, 2011 articulation, the court found that the defendants failed to brief adequately any implicit argument that they lacked sufficient minimum contacts with Connecticut to satisfy the due process requirements needed to establish personal jurisdiction. The court stated that it "considers the defendants' jurisdictional argument to be based solely on the existence of a forum selection clause." On October 7, 2011, Metz Family filed an answer and special defenses to the plaintiff's complaint.

We first set forth our standard of review and the relevant legal principles governing the defendants' claim. "Because a challenge to the personal jurisdiction of the trial court is a question of law, our review is plenary." *Myrtle Mews Assn., Inc.* v. *Bordes*, 125 Conn. App. 12, 15, 6 A.3d 163 (2010). "[A] party waives the

---

[4] On appeal, the individual defendants, Metz and Simons, do not challenge the court's personal jurisdiction over them. As such, our analysis and conclusions regarding the personal jurisdiction issue apply only to Metz Family.

right to dispute personal jurisdiction unless that party files a motion to dismiss within thirty days of the filing of an appearance. . . . Unless the issue of personal jurisdiction is raised by a timely motion to dismiss, any challenge to the court's personal jurisdiction over the defendant is lost. . . . As noted by our Supreme Court, under our rules of practice, the filing of a responsive pleading operates as a waiver of a future challenge of the court's personal jurisdiction over a party." (Internal quotation marks omitted.) *Schaghticoke Indian Tribe* v. *Rost*, 138 Conn. App. 204, 211, 50 A.3d 411 (2012); see also Practice Book § 10-32.

Because we agree with the court's conclusion that the defendants' jurisdictional argument in their motion to dismiss was based solely on the existence of a forum selection clause, and, thus was based on their claim of improper venue, we conclude that Metz Family failed to timely move to dismiss the action for lack of personal jurisdiction. Accordingly, having filed an answer and special defenses to the plaintiff's complaint without timely moving to dismiss the action for lack of personal jurisdiction, Metz Family waived its right later to attack the court's judgment on personal jurisdiction grounds. *Schaghticoke Indian Tribe* v. *Rost*, supra, 138 Conn. App. 211–12.

II

The defendants next claim that the court erred by granting the plaintiff's prejudgment remedy application because it was invalid under § 52-278c. The defendants argue that the forum selection clause in the note between the plaintiff and Metz Family designates New York as the exclusive forum for the resolution of a dispute arising out of the note in which only legal relief is sought. The defendants argue that the forum selection clause would make it unreasonable for a Connecticut court to exercise its jurisdiction over Metz Family in a

legal action like the one presented in the underlying complaint to which the plaintiff's prejudgment remedy application was attached. Without a viable complaint over which the court could exercise its jurisdiction, the defendants essentially argue that the court could not have made the requisite probable cause determination required to grant a prejudgment remedy. We agree with respect to Metz Family.[5]

The following additional facts as found by the trial court are relevant to our resolution of this claim. In its September 8, 2011 articulation of its memorandum of decision denying the defendants' motion to dismiss the plaintiff's complaint, the court evaluated the forum selection clause contained in the note. The court found that the clause was reasonably communicated to Metz Family and the plaintiff and that both parties are subject to the clause. The court found that "the promissory note does contain exclusive jurisdiction language which would appear to create a mandatory forum selection clause requiring that an action on the promissory note be brought in New York. That exclusive language, however, is later qualified by the exception that permits both parties to 'apply to a court of competent jurisdiction in the United States of America or abroad for equitable relief as is necessary to preserve, protect and enforce its respective rights under this [n]ote . . . .' Accordingly, under certain circumstances the forum selection

---

[5] In their second claim, the defendants argue that the forum selection clause would make it unreasonable for a Connecticut court to exercise its jurisdiction over Metz Family only. They analyze only the note between Metz Family and the plaintiff, which contains the clause at issue in this appeal. In this claim, the defendants do not appear to make any argument regarding the individual defendants or their separate guaranty agreements with the plaintiff. Further, the individual guaranty agreements between the individual defendants and the plaintiff do not contain a forum selection clause like the clause contained in the note between Metz Family and the plaintiff. Accordingly, our analysis and conclusions regarding the defendants' second claim apply only to Metz Family.

clause is permissive, jurisdiction not being exclusive to New York" and "does not confer exclusive New York jurisdiction over actions wherein one of the parties seeks equitable relief, including orders of attachment." The court agreed with the plaintiff's argument that "[w]hen read in its entirety, the clear purpose of the forum selection provision is to permit [the plaintiff] to 'follow the money' in the event of default by Metz Family and attach assets to answer to the breach wherever these assets may be located."

The court found that "[t]he terms of the promissory note permit the plaintiff to seek an order of attachment in Connecticut to maintain the status quo pending litigation. In Connecticut, an application for prejudgment remedy must be based on an action that the plaintiff will bring in Connecticut to be adjudicated by Connecticut courts. In other words, an application for a prejudgment remedy cannot be brought where there is no independent cause of action to be litigated in Connecticut. The procedure for a prejudgment remedy, therefore, includes litigation of the merits of the case to judgment. The forum selection clause carves out an exception from New York jurisdiction for actions intended to attach property, as is the case here."[6] The court concluded that, as to Metz Family "the plaintiff is entitled to bring an action for prejudgment remedy in Connecticut."

A

We first address the defendants' claim that, under the terms of the forum selection clause, it would be unreasonable for a Connecticut court to exercise its

[6] In its prayer for relief, the plaintiff demanded (1) money damages; (2) "[i]nterest including, but not limited to, prejudgment interest"; (3) "[a]ttorneys' fees"; (4) "[c]osts of litigation"; and (5) "[s]uch other and further relief as the [c]ourt deems just and equitable."

jurisdiction over Metz Family because the clause designates New York as the exclusive venue for any action between the plaintiff and Metz Family in which only legal relief is sought. The plaintiff argues that its prejudgment remedy application was permissible in Connecticut because the forum selection clause contains an exception that permits the parties to seek equitable relief, such as its application for a prejudgment remedy, outside of New York. The defendants argue that the plaintiff's complaint sought only legal relief for Metz Family's alleged breach of contract, not equitable relief. Therefore, the defendants argue, the plaintiff's action did not fall under the limited exception in the promissory note that applies only when a party seeks equitable relief.[7] We agree with the defendants.

We begin by setting forth our standard of review and relevant legal principles governing the first part of the defendants' second claim. "The [defendants'] claim implicates the . . . court's construction of the pleadings. [T]he interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary." (Internal quotation marks omitted.) *98 Lords Highway, LLC* v. *One Hundred Lords Highway, LLC*, 138 Conn. App. 776, 796, 54 A.3d 232 (2012).

"[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court . . . . Absent a showing of fraud or overreaching, such forum clauses will be enforced by the courts." (Citation omitted; internal quotation marks omitted.) *United States Trust Co.* v. *Bohart*, 197 Conn. 34, 42, 495 A.2d 1034 (1985). "The

---

[7] Neither Metz Family nor the plaintiff appear to challenge the court's conclusion that they are subject to the forum selection clause in the promissory note. Instead, the dispositive issue in this part of the defendants' second claim is whether, in light of the plaintiff's complaint in this case, the clause would make it unreasonable for a Connecticut court to exercise its jurisdiction over Metz Family.

existence of [a forum selection] clause does not deprive the trial court of personal jurisdiction over the parties, but presents the question [of] whether it is reasonable for the court to exercise its jurisdiction in the particular circumstances of the case." *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.*, 278 Conn. 92, 103, 897 A.2d 58 (2006).

Our Supreme Court has concluded that "a prejudgment remedy is not a civil action under Connecticut law." *Bernhard-Thomas Building Systems, LLC* v. *Dunican*, 286 Conn. 548, 559, 944 A.2d 329 (2008). "The process of obtaining a prejudgment remedy is different from the process of commencing a civil action. Individuals seeking a prejudgment remedy must attach an *unsigned* writ, summons and complaint to the following documents: (1) a prejudgment remedy application; (2) an affidavit stating facts sufficient to show that probable cause exists that a judgment will be rendered in the action in favor of the plaintiff; (3) a form of order that a hearing be held; and (4) a form of summons for the prejudgment remedy hearing. See General Statutes § 52-278c (a)." (Emphasis in original.) Id., 558. "[U]nder the clear language and structure of § 52-278c, a plaintiff's application for a prejudgment remedy is not a stand alone pleading; rather, it is entirely dependent on the 'action' set forth in the attached writ, summons and complaint. . . . [T]he 'action' referred to in § 52-278c (a) (1) must be an action . . . upon which a Connecticut court will render judgment." (Citation omitted.) *Cahaly* v. *Benistar Property Exchange Trust Co.*, 268 Conn. 264, 273–74, 842 A.2d 1113 (2004).

In its original memorandum of decision denying the defendants' motion to dismiss and in its articulation of that decision, the court specifically acknowledged that the action initiated by the plaintiff's complaint was a breach of contract action alleging that Metz Family breached the promissory note in which it agreed to pay $1.6 million with interest. In its articulation, the court

also referred to the complaint as a separate and distinct action on which the plaintiff's May 31, 2011 application for a prejudgment remedy was dependent. In interpreting the terms of the forum selection clause contained in the promissory note, however, the court described the plaintiff's action as one that is "intended to attach property . . . ." Although the court was correct in stating that "[t]he forum selection clause carves out an exception from New York jurisdiction for actions intended to attach property," it erroneously concluded that the plaintiff's complaint is such an action.

In ruling on the defendants' motion to dismiss, had the court properly evaluated the cause of action presented in the plaintiff's complaint independently from its prejudgment remedy application,[8] the court could not reasonably have concluded that the forum selection clause in the note permitted the plaintiff to bring its breach of contract action against Metz Family outside of New York because the action was not a claim for equitable relief. On its face, the plaintiff's complaint set forth an action for breach of a promissory note in which Metz Family agreed to pay $1.6 million with interest. The complaint contains three counts—breach of contract by Metz Family, breach of guaranty by Metz and breach of guaranty by Simons—for which the plaintiff sought legal relief in the form of money damages. There is nothing in the complaint to suggest that the plaintiff's claim was equitable in nature or that it sought any form of equitable relief.[9] The relief requested in the plaintiff's

---

[8] The parties do not appear to dispute that the defendants' motion to dismiss was directed at the plaintiff's complaint and not the application for prejudgment remedy.

[9] We note that, in its prayer for relief, the plaintiff also demanded "[s]uch other and further relief as the [c]ourt deems just and equitable." This court has held that a demand for " '[s]uch other and further relief as the [c]ourt deems just and proper,' is not a specific demand for equitable relief, but rather merely permits the court to fashion a remedy as is just and equitable if no remedy at law is available." *Florian* v. *Lenge*, 91 Conn. App. 268, 282, 880 A.2d 985 (2005). Accordingly, this general demand by the plaintiff was

subsequent application for a prejudgment remedy is the only apparent form of equitable relief sought in this case. Therefore, in determining that the plaintiff's *action* was "intended to attach property," the court appears to have conflated the plaintiff's original breach of contract complaint with its prejudgment remedy application, despite the court's recognition that an application for a prejudgment remedy is distinct from the *"independent* cause of action" to which it must be attached. (Emphasis added.) The court's error is further evinced by its conclusion that "the plaintiff is entitled to bring an *action for prejudgment remedy* in Connecticut,"[10] referring to the plaintiff's action as one for prejudgment remedy rather than breach of contract. (Emphasis added.) See *Bernhard-Thomas Building Systems, LLC* v. *Dunican,* supra, 286 Conn. 559 ("a prejudgment remedy is not a civil action under Connecticut law").

Under the plain language of the forum selection clause, the parties agreed to submit to "the exclusive jurisdiction of the state and federal courts located in the state of New York to hear and determine any suit, action or proceeding and to settle any disputes, which may arise out of or in connection herewith and with the [note]." The contract contains one exception to this exclusive jurisdictional agreement, which permits the parties to "apply to a court of competent jurisdiction

---

not a specific demand for equitable relief and did not transform the plaintiff's action into one that seeks equitable relief.

[10] The plaintiff also argues that, because § 52-278c requires prejudgment remedy applications to be linked to an independent action that will be litigated to the merits in Connecticut, the plaintiff must have been permitted to bring a breach of contract action in Connecticut in order to give meaning to the exception contained in the forum selection clause. There is no support for such an interpretation of the contract provision. The plaintiff cannot use the requirements of Connecticut prejudgment remedy law as a way to circumvent the valid forum selection clause in the note. Accordingly, we reject the plaintiff's argument.

in the United States of America or abroad for equitable relief as is necessary to preserve, protect and enforce [their] respective rights under [the note] . . . including, but not limited to orders of attachment or injunction necessary to maintain the status quo pending litigation or to enforce judgments against [Metz Family] . . . ." Because count one of the plaintiff's complaint did not seek equitable relief and, instead, proceeded on a general breach of contract theory for which it sought legal relief, it did not fall under the limited exception of the forum selection clause. Accordingly, with respect to the plaintiff's claims against Metz Family, it would be unreasonable for a Connecticut court to exercise its jurisdiction over the parties in the particular circumstances of this case. Cf. *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.*, supra, 278 Conn. 103.

## B

Having concluded that the forum selection clause would make it unreasonable for a Connecticut court to exercise its jurisdiction over Metz Family in an action by the plaintiff seeking only legal relief, we now consider whether the court erred in granting the plaintiff's application for a prejudgment remedy with respect to Metz Family. We first set forth the law and the well established standard of review governing prejudgment remedies. "A prejudgment remedy is available upon a finding by the court that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or setoffs, will be rendered in the matter in favor of the plaintiff. . . . General Statutes § 52-278d (a) (1). . . . Under this standard, the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. . . .

"As for [the] standard of review [on appeal], [our Supreme Court has instructed that a reviewing] court's role on review of the granting [or denial] of a prejudgment remedy is very circumscribed. . . . In its determination of probable cause, the trial court is vested with broad discretion which is not to be overruled in the absence of clear error. . . . In the absence of clear error, [a reviewing] court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses. . . . [On appeal], therefore, we need only decide whether the trial court's conclusions were reasonable under the clear error standard." (Internal quotation marks omitted.) *Vincent Metro, LLC* v. *Ginsberg*, 139 Conn. App. 632, 637–38, 57 A.3d 781 (2012), cert. denied, 308 Conn. 907, 61 A.3d 1097 (2013). "[T]his court will overrule the trial court's determination on a prejudgment remedy only if we are left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *TES Franchising, LLC* v. *Feldman*, 286 Conn. 132, 138 n.6, 943 A.2d 406 (2008).

We conclude that, without a viable complaint on which to base its evaluation of the plaintiff's prejudgment remedy application, the court could not, as a matter of law, have determined that there was probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits of the allegation in its complaint. As explained in part II A of this opinion, the forum selection clause would make it unreasonable for a Connecticut court to exercise its jurisdiction over Metz Family in an action like the one presented by the plaintiff's complaint because the complaint sought only legal relief for Metz Family's alleged breach of contract, not equitable relief. Because the plaintiff's application for a prejudgment remedy was

not a stand-alone pleading, but rather was entirely dependent on the action set forth in the plaintiff's complaint; *Cahaly* v. *Benistar Property Exchange Trust Co.*, supra, 268 Conn. 273–74; without the underlying complaint, the court could not have made the requisite probable cause determination required to grant a prejudgment remedy as it pertained to Metz Family. As such, without the ability to properly find probable cause that a judgment would be rendered in the plaintiff's favor, it was clear error for the court to grant the plaintiff's application for a prejudgment remedy, as it pertained to Metz Family.

### III

Finally, the defendants claim that the court erred by granting an excessively large prejudgment remedy.[11] Specifically, the defendants claim that the amount of the prejudgment remedy was excessively large because the court failed to take into account certain credits and offsets and improperly included attorney's fees in its calculation of the amount of the remedy. We disagree based on the limited record before us.

The resolution of the defendants' third claim requires us to evaluate the basis for the court's finding of probable cause to support the amount of the prejudgment remedy awarded to the plaintiff. We are unable to review the merits of the defendants' claim because they have deemed transcripts unnecessary for this appeal and, thus, have not provided any transcripts from the prejudgment remedy hearing in which the court heard

[11] Because, based on our analysis of the defendants' second claim, we reverse the court's order with respect to Metz Family, we do not reach the claim that the prejudgment remedy was excessively large insofar as it relates to Metz Family. Accordingly, our analysis and conclusions regarding the defendants' third claim apply only to the individual defendants, Metz and Simons.

testimony on, among other things, the value of the aircraft serving as collateral for the promissory note. Without these transcripts, we cannot determine what occurred at this proceeding, nor can we review the entirety of the evidentiary record that was before the court. "[W]e do not decide issues of law in a vacuum. . . . The absence of such a record is an insurmountable obstacle to review of the claims of error in the circumstances of this case. . . . The [defendants], who, as the appellant[s], [have] the burden to provide this court with an adequate record, [have] failed to do so. See Practice Book § 61-10 . . . ." (Internal quotation marks omitted.) *Manzi* v. *Manzi*, 134 Conn. App. 333, 336, 38 A.3d 1247 (2012). Based on the limited record before us, no error is reflected in the court's calculation of the amount of the prejudgment remedy granted to the plaintiff.

The judgment is reversed only with respect to Metz Family and the case is remanded with direction to deny the plaintiff's application for a prejudgment remedy as to Metz Family. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.