## PATRICK DESROSIERS ET AL. *v.* COURTNEY HENNE (SC 17866)

Rogers, C. J., and Borden, Palmer, Vertefeuille and Zarella, Js.

---

Argued May 18—officially released July 31, 2007

*Jeffrey D. Cedarfield*, with whom, on the brief, was *Kristin Kraiza*, for the appellant (defendant).

*Robert B. Keyes*, for the appellees (plaintiffs).

*Opinion*

ROGERS, C. J. This case concerns the evidentiary ramifications of a nonparty witness' invocation of the fifth amendment privilege against self-incrimination in a civil action. The plaintiffs, Patrick Desrosiers and Jean Claude Boursiquot, brought a negligence action against the defendant, Courtney Henne, seeking to recover compensatory damages for personal injuries sustained

in an automobile accident. The defendant appeals[1] from the trial court's judgment in favor of the plaintiffs, rendered in accordance with a jury verdict. The defendant claims that the trial court abused its discretion by denying the defendant's motions (1) to preclude from evidence a chiropractor's reports due to the chiropractor's invocation of his fifth amendment privilege against self-incrimination during his deposition,[2] and (2) to introduce into evidence the chiropractor's invocation of his fifth amendment privilege. The defendant has failed to provide us with an adequate record to review her claims. Accordingly, we affirm the judgment of the trial court.

The following procedural history is relevant to this appeal. In a complaint dated January 29, 2004, the plain-

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] The defendant conceded during oral argument before this court that the reports were admissible under the plain language of General Statutes § 52-174 (b), but claimed that the admission of the reports nevertheless violated the defendant's common-law right to cross-examination.

General Statutes § 52-174 provides in relevant part: "(b) In all actions for the recovery of damages for personal injuries or death . . . any party offering in evidence a signed report and bill for treatment of any treating physician, dentist, chiropractor, natureopath, physical therapist, podiatrist, psychologist, emergency medical technician or optometrist may have the report and bill admitted into evidence as a business entry and it shall be presumed that the signature on the report is that of the treating physician, dentist, chiropractor, natureopath, physical therapist, podiatrist, psychologist, emergency medical technician or optometrist and that the report and bill were made in the ordinary course of business. The use of any such report or bill in lieu of the testimony of such treating physician, dentist, chiropractor, natureopath, physical therapist, podiatrist, psychologist, emergency medical technician or optometrist shall not give rise to any adverse inference concerning the testimony or lack of testimony of such treating physician, dentist, chiropractor, natureopath, physical therapist, podiatrist, psychologist, emergency medical technician or optometrist.

"(c) This section shall not be construed as prohibiting either party or the court from calling the treating physician, dentist, chiropractor, natureopath, physical therapist, podiatrist, psychologist, emergency medical technician or optometrist as a witness."

tiffs commenced this action in the judicial district of Stamford-Norwalk, seeking compensatory damages for personal injuries allegedly sustained in an automobile accident that had occurred on February 6, 2002. Prior to trial, the plaintiffs disclosed Richard Fogel, a chiropractor who had treated both plaintiffs, as an expert witness. The defendant moved to preclude evidence of Fogel's treatment of the plaintiffs, including reports, records, bills and any testimony concerning treatment rendered by Fogel, on the ground that Fogel repeatedly had exercised his fifth amendment privilege against self-incrimination in prior cases and would do so in this case, thus infringing upon the defendant's common-law right of cross-examination. While the motion to preclude was pending, the defendant deposed Fogel, who refused to answer any questions, claiming the fifth amendment privilege against self-incrimination. Thereafter, the plaintiffs filed a motion in limine to bar any reference to or evidence of the pending criminal investigation of Fogel.

On January 11, 2006, the trial court heard arguments on the defendant's motion to preclude Fogel's reports. The defendant moved, in the alternative, for the trial court's permission to allow Fogel to testify and to invoke the fifth amendment privilege on the stand. The trial court denied the defendant's motions, concluding that the report was admissible under General Statutes § 52-174 (b), and that allowing Fogel to testify solely to invoke his fifth amendment privilege would confuse the jury and prejudice the plaintiffs. The trial court also granted the plaintiffs' motion in limine to exclude evidence of the pending criminal investigation. Thereafter, the trial court denied the defendant's motion to introduce Fogel's deposition testimony into evidence and denied the defendant's request for an adverse inference based on Fogel's invocation of his fifth amendment privilege. As a consequence of the trial court's rulings,

Fogel's reports, which contained his opinions relevant to causation and damages for both plaintiffs, were admitted into evidence, but the jury remained unaware of Fogel's invocation of the privilege. The jury found in favor of the plaintiffs and awarded compensatory damages in the amount of $3500 to Desrosiers and $2000 to Boursiquot. This appeal followed.

The defendant raises two claims on appeal. First, the defendant claims that the trial court improperly denied the defendant's motion to preclude Fogel's reports from evidence because the defendant did not have an opportunity to cross-examine Fogel due to his invocation of his fifth amendment privilege against self-incrimination. Second, the defendant claims that the trial court improperly denied the defendant's motion to admit evidence of Fogel's invocation of the fifth amendment privilege against self-incrimination in order to impeach his credibility as a witness.[3]

We begin with the standard of review. The trial court's rulings on these motions are governed by an abuse of discretion standard. "The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence . . . [and its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing

[3] The defendant also argues, as a subsidiary matter, that she was entitled to an adverse inference instruction on Fogel's invocation of the privilege as an extension of the doctrine established in *Olin Corp.* v. *Castells,* 180 Conn. 49, 53–54, 428 A.2d 319 (1980), wherein we concluded that adverse inferences may be drawn against *parties* to civil actions when they invoke the fifth amendment privilege against self-incrimination.

by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *Jacobs* v. *General Electric Co.*, 275 Conn. 395, 406, 880 A.2d 151 (2005). Furthermore, "[b]efore a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . The harmless error standard in a civil case is whether the improper ruling would likely affect the result. . . . When judging the likely effect of such a trial court ruling, the reviewing court is constrained to make its determination on the basis of the printed record before it. . . . In the absence of a showing that the [excluded] evidence would have affected the final result, its exclusion is harmless." (Internal quotation marks omitted.) *Kalams* v. *Giacchetto*, 268 Conn. 244, 249–50, 842 A.2d 1100 (2004).

The defendant, as the appellant, bears the burden of providing this court with an adequate record for review. Practice Book § 61-10;[4] *Stutz* v. *Shepard*, 279 Conn. 115, 125–26, 901 A.2d 33 (2006) ("[I]t is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. . . . [A]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court." [Internal quotation marks omitted.]); *State* v. *Spillane*, 255 Conn. 746, 760–61 and n.10, 770 A.2d 898 (2001) (if adequate transcripts are not provided by party raising claim on appeal, court cannot review claim).

---

[4] Practice Book § 61-10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

The defendant has provided this court with only four excerpts from the trial transcript in the present case: (1) the parties' arguments and the trial court's ruling on (a) the plaintiffs' motion in limine to preclude any reference to the criminal investigation of Fogel, (b) the defendant's motion to preclude Fogel's reports, and (c) the defendant's motion for permission to call Fogel as a witness; (2) the parties' arguments and the trial court's ruling on (a) the defendant's motion to introduce Fogel's deposition transcript into evidence, (b) the defendant's subsequent motion for a mistrial, and (c) preliminary argument on the defendant's request for an adverse inference instruction on Fogel's invocation of the privilege; (3) the parties' arguments and the trial court's ruling on the defendant's request for an adverse inference instruction and the defendant's subsequent objection to the jury charge without such an instruction;[5] and (4) the verdict. The defendant has failed to provide this court with any of the oral testimony presented to the jury, and there is no indication of which witnesses testified at trial. For the reasons explained hereinafter, we conclude that the record is inadequate to review the defendant's claims.

Turning to the first issue on appeal, the defendant claims that the trial court improperly denied the defendant's motion to preclude Fogel's reports from evidence. We conclude that the record is inadequate to review this claim, because, even if we were to agree with the defendant that the trial court improperly admitted Fogel's reports into evidence, it is impossible to determine, on the record provided, whether this impropriety was harmful. See, e.g., *Ryan Transportation, Inc.* v. *M & G Associates*, 266 Conn. 520, 531, 832 A.3d 1180 (2003) (declining to review claim on appeal where plaintiff provided no transcript of witness testimony because "even if we assume, arguendo, that the challenged evi-

---

[5] See footnote 3 of this opinion.

dentiary ruling was improper, we have no way of discerning whether any such impropriety was harmful in the broader context of the entire trial"). It is well established that "[w]e do not decide issues of law in a vacuum. In order to review an alleged error of law that has evidentiary implications, we must have before us the evidence that is the factual predicate for the legal issue that the appellant asked us to consider. . . . The absence of such a record is an insurmountable obstacle to review of the [defendant's] claims of error in the circumstances of this case." (Citations omitted.) *Taylor* v. *American Thread Co.*, 200 Conn. 108, 110–11, 509 A.2d 512 (1986). The infirmity of the record also precludes our review of the defendant's second claim because, even if we were to agree with the defendant that the trial court improperly excluded evidence of Fogel's invocation of his fifth amendment privilege, we are unable to conduct a harmless error analysis.[6]

---

[6] Whether a nonparty witness' invocation of the fifth amendment privilege against self-incrimination is admissible is an issue of first impression in this state. Other jurisdictions, in addressing this issue, have conducted a variety of fact-specific inquiries, analyzing such nonexclusive factors as: (1) the nature of the relationship and the degree of loyalty between the party and the witness; (2) the degree of control of the party over the nonparty witness and whether the witness' refusal to testify can be seen as a vicarious admission; (3) whether the compatibility of the interests of the party and the nonparty witness in the litigation's outcome suggests that the nonparty witness essentially is a noncaptioned party in interest; and (4) the role of the nonparty witness in the litigation. See *LiButti* v. *United States*, 107 F.3d 110, 123–24 (2d Cir. 1997); see also *Federal Deposit Ins. Co.* v. *Fidelity & Deposit Co.*, 45 F.3d 969, 977–78 (5th Cir. 1995); *Davis* v. *Mutual Life Ins. Co.*, 6 F.3d 367, 384–85 (6th Cir. 1993) (Engel, J., concurring); *RAD Services, Inc.* v. *Aetna Casualty & Surety Co.*, 808 F.2d 271, 274–77 (3d Cir. 1986); *Rosebud Sioux Tribe* v. *A & P Steel, Inc.*, 733 F.2d 509, 520–23 (8th Cir. 1984). In addition to these factors, these courts also have engaged in a balancing test, weighing the probative nature of the evidence against the likelihood of undue prejudice. See, e.g., *LiButti* v. *United States*, supra, 123–24. Furthermore, "[w]hether these or other circumstances unique to a particular case are considered by the trial court, the overarching concern is fundamentally whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth." Id., 124. Because the defendant has not provided this court with the full trial tran-

On the basis of the preceding legal framework, we conclude that the defendant has failed to meet her burden with respect to her claims on appeal.

The judgment is affirmed.

In this opinion the other justices concurred.

scripts, we do not have a complete record with which to conduct an inquiry into any of the aforementioned factors, and therefore, to determine whether the trial court properly excluded from evidence Fogel's invocation of the fifth amendment privilege against self-incrimination.

Moreover, because we cannot address whether the court improperly excluded evidence of Fogel's invocation of the privilege, we necessarily cannot reach the defendant's subsidiary argument that she was entitled to an adverse inference instruction based on Fogel's invocation of the privilege. See footnote 3 of this opinion.