ISMET SABANOVIC *v.* NEDZMIJA SABANOVIC

NEDZMIJA HASELJIC *v.* ISMET SABANOVIC
(AC 28105)

DiPentima, Gruendel and Stoughton, Js.

Argued March 14—officially released May 27, 2008

*Ian Cole*, with whom, on the brief, were *Dominick J. Thomas, Jr.*, and *Gayle C. Carr*, for the appellant (plaintiff in the first case, defendant in the second case).

*Patrick D. Skuret*, for the appellee (defendant in the first case, plaintiff in the second case).

*Opinion*

DiPENTIMA, J. The plaintiff in the first case and the defendant in the second case (plaintiff), Ismet Sabanovic, appeals from the trial court's judgments revoking sealing orders as to testimony, transcripts and exhibits in this family matter.[1] Because the record before us does not contain any of the pertinent testimony, transcripts or exhibits, we are unable to consider whether the court abused its discretion. Accordingly, we affirm the judgments of the trial court.

The plaintiff's appeal arises from his attempt to limit disclosure of two files in which the defendant in the first case and the plaintiff in the second case (defendant), Nedzmija Haseljic,[2] alleged sexual misconduct by the plaintiff as to the parties' two minor children.[3] On May 12, 2006, the plaintiff filed in the parties' dissolution

[1] The court's revocation orders are final judgments for purposes of appeal because they "so conclude[d] the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). Regardless of the outcome of the underlying proceedings, the court would have no occasion to revisit the issues addressed by the court's revocation orders, namely, whether the privacy interests of the parties' children override the public's interest in viewing the unsealed materials.

[2] Nedzmija Sabanovic's surname was restored to Haseljic by the judgment of dissolution.

[3] The files are docket number FA-00-0069328-S, wherein the parties' marriage was dissolved on January 17, 2001, and docket number FA-06-4006622-S, wherein the defendant sought relief from abuse under General Statutes § 46b-15. The latter case was dismissed shortly after this appeal was filed.

action a motion for contempt against the defendant for her refusal to allow visitation in violation of a previous order. On June 19, 2006, the court appointed a guardian ad litem, attorney Margarita Hartley Moore, on behalf of the minor children.[4] Thereafter, on June 29, 2006, the defendant, on behalf of herself and the two minor children, filed an application for relief from abuse against the plaintiff. The court held hearings on the parties' pleadings on July 13 and 21, and October 18, 2006. On July 20, 2006, pursuant to Practice Book § 25-59A (c), the plaintiff filed motions to seal or limit disclosure of documents in both the dissolution and the relief from abuse actions. On September 11, 2006, the court entered sealing orders as to "testimony of the parties and health care providers, transcripts of the parties and health care providers and exhibits of health care providers upon filing." On September 18, 2006, sua sponte, the court revoked its sealing orders, stating: "Either party, or this court sua sponte, may reclaim this motion to consider entering a sealing order in the future relative to affidavits, documents, testimony of witnesses filed or lodged with the court pursuant to § 25-59A of the Connecticut Practice Book." This appeal followed.

In this appeal, the plaintiff claims that the court improperly (1) vacated its previous orders sealing portions of the files, including records from the department of children and families and psychological records of the minor children, and (2) implicitly concluded that legitimate privacy concerns did not outweigh the public's interest in viewing those records.

In reviewing a trial court's decision granting or denying a motion to seal, we consider whether the court abused its discretion in making its decision. *Vargas* v.

[4] On appeal, the guardian ad litem has adopted the position of the plaintiff and has elected not to file a separate brief. See Practice Book § 67-13.

*Doe,* 96 Conn. App. 399, 408–409, 900 A.2d 525, cert. denied, 280 Conn. 923, 908 A.2d 546 (2006). "Inherent . . . in the concept of judicial discretion is the idea of choice and a determination between competing considerations. . . . A court's discretion must be informed by the policies that the relevant statute is intended to advance. . . . When reviewing a trial court's exercise of the legal discretion vested in it, our review is limited to whether the trial court correctly applied the law and reasonably could have concluded as it did." (Citation omitted; internal quotation marks omitted.) Id., 409.

In filing this appeal, the plaintiff certified that no transcript was necessary. See Practice Book § 63-4. Further, the plaintiff did not file any motion for articulation of the court's sua sponte revocation orders. Without either a transcript or an articulation of the court's discretionary ruling, the record is inadequate for a meaningful review of the issues on appeal. "[W]e do not decide issues of law in a vacuum. In order to review an alleged error of law that has evidentiary implications, we must have before us the evidence that is the factual predicate for the legal issue that the appellant asked us to consider." (Internal quotation marks omitted.) *Desrosiers* v. *Henne,* 283 Conn. 361, 368, 926 A.2d 1024 (2007). The absence of such a record is an insurmountable obstacle to review of the claims of error in the circumstances of this case. See id. The plaintiff, who, as the appellant, has the burden to provide this court with an adequate record, has failed to do so. See Practice Book § 61-10; *Bove* v. *Bove,* 103 Conn. App. 347, 354, 930 A.2d 712 (2007). For this reason, we decline to review the merits of the plaintiff's claims.[5]

The judgments are affirmed.

In this opinion the other judges concurred.

---

[5] We also note that the underlying files do not, in fact, contain records from the department of children and families or psychological records as exhibits.