******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FRANCES CHESTER *v.* KEVIN MANIS ET AL.
(AC 34914)

DiPentima, C. J., and Alvord and Flynn, Js.

*Argued January 13—officially released May 6, 2014*

(Appeal from Superior Court, judicial district of
Waterbury, Trombley, J.)

*Terence D. Mariani*, for the appellant (plaintiff).

*Jeffrey C. Nagle*, with whom, on the brief, was *Rodd
J. Mantell*, for the appellee (named defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Frances Chester, appeals from the judgment of the trial court rendered following a jury verdict in favor of the defendant Kevin Manis.[1] On appeal, the plaintiff argues that the court erred in granting the defendant's motion in limine, thereby precluding the plaintiff from introducing certain evidence at trial. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiff filed an amended complaint alleging that on the morning of July 9, 2008, she was involved in a motor vehicle accident in which the vehicle she was operating was hit by a vehicle operated by the defendant. The complaint alleged that the accident was caused by the negligence or recklessness of the defendant and that the plaintiff sustained personal injuries and damage to her vehicle as a result of the accident. Prior to trial, the defendant filed a motion in limine seeking to preclude the introduction of evidence on certain topics, including, inter alia, motor vehicle speed as calculated by skid marks, the replacement cost of the plaintiff's vehicle, and an increase in the plaintiff's insurance premium. With regard to the skid marks, the defendant argued, citing *Thomas* v. *Commerford*, 168 Conn. 64, 69, 357 A.2d 476 (1975) and *Toomey* v. *Danaher*, 161 Conn. 204, 210, 286 A.2d 293 (1971), that expert testimony was required on the issue of speed of a motor vehicle based on the length of skid marks. In her objection to the defendant's motion in limine, the plaintiff cited *Terminal Taxi Co.* v. *Flynn*, 156 Conn. 313, 318, 240 A.2d 881 (1968), for the proposition that speed ordinarily may be established by circumstantial evidence, without the need for expert testimony. The court granted the motion in limine, and the jury returned a verdict in favor of the defendant. After the court rendered judgment, the plaintiff filed the present appeal.

On appeal, the plaintiff argues that the court abused its discretion in granting the motion in limine. The plaintiff first argues that the motion procedurally was defective in that it did not cite to any prejudice arising from the cited evidence. The plaintiff next argues, with respect to the skid marks, that the present case is analogous to *Terminal Taxi Co.*, and, therefore, the speed of the vehicle may be determined through circumstantial evidence. The plaintiff contends that by precluding evidence that the defendant left skid marks seventy-five feet long, the court improperly decided a fact that should have been decided by the jury and, further, prevented the jury from drawing inferences based on the evidence of skid marks. The plaintiff additionally contends that because the skid mark evidence was precluded, she was denied her right to fully and fairly cross-examine the defendant. Finally, the plaintiff argues that the court improperly precluded the plaintiff's evidence

concerning the cost of a replacement vehicle and the increase in her automobile insurance premiums. We decline to reach the merits of these claims because the plaintiff failed to provide an adequate record for review.

"[T]he motion in limine . . . has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Gilmore*, 289 Conn. 88, 128, 956 A.2d 1145 (2008). "Furthermore, [b]efore a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . The harmless error standard in a civil case is whether the improper ruling would likely affect the result. . . . When judging the likely effect of such a trial court ruling, the reviewing court is constrained to make its determination on the basis of the printed record before it. . . . In the absence of a showing that the [excluded] evidence would have affected the final result, its exclusion is harmless." (Internal quotation marks omitted.) *Desrosiers* v. *Henne*, 283 Conn. 361, 366, 926 A.2d 1024 (2007).

We also note that the plaintiff, as the appellant, bears the burden of providing this court with an adequate record for review. See Practice Book § 61-10. "[I]t is incumbent upon the appellant to take the necessary steps to sustain [her] burden of providing an adequate record for appellate review. . . . [A]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . . Our role is not to second guess at possibilities, but to review claims based on a complete factual record developed by a trial court." (Internal quotation marks omitted.) *Stutz* v. *Shepard*, 279 Conn. 115, 125–26, 901 A.2d 33 (2006). For the reasons that follow, we conclude that the record is inadequate to review the plaintiff's claims.

In support of her appeal, the plaintiff has provided this court with only three excerpts from the trial transcript. The ruling of the trial court on the motion in limine is not included in any of these excerpts.[2] When questioned by this court about the adequacy of the record on appeal, counsel for the plaintiff relied on an excerpt from the testimony of the defendant. In that excerpt, counsel for the plaintiff sought to question the defendant regarding whether the defendant spoke to the police at the scene of the accident about skid marks. Counsel for the defendant objected to the inquiry, and the court sustained the objection on the basis of its

earlier ruling on the motion in limine.[3] Although the excerpt contains several references to the court's earlier ruling on the motion in limine, the ruling itself is not included.[4]

Even if we assume, however, that the court improperly precluded the plaintiff from introducing the evidence concerning motor vehicle speed as calculated by skid marks, the replacement cost of the plaintiff's vehicle, and an increase in the plaintiff's insurance premium, it is impossible to determine, on the limited record before us, whether this alleged impropriety would likely have affected the result of the trial. See *Desrosiers* v. *Henne*, supra, 283 Conn. 367–69, (declining to review claim that trial court improperly precluded evidence where defendant failed to provide reviewing court with oral testimony provided to jury and there was no indication of which witnesses testified at trial, making it impossible for court to determine whether alleged impropriety was harmful); *Ryan Transportation, Inc.* v. *M & G Associates*, 266 Conn. 520, 531, 832 A.2d 1180 (2003) (declining to review claim of evidentiary error where plaintiff did not provide transcript of witness testimony, stating, "even if we assume, arguendo, that the challenged evidentiary ruling was improper, we have no way of discerning whether any such impropriety was harmful in the broader context of the entire trial"); *Quaranta* v. *King*, 133 Conn. App. 565, 569–70, 36 A.3d 264 (2012) (declining to review plaintiff's evidentiary claim where plaintiff provided only partial transcript of proceedings). Inasmuch as the plaintiff has failed to provide a record on appeal that is sufficient for us to determine whether the allegedly improper evidentiary ruling was harmful, we decline to review the plaintiff's claims.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff brought this action against the defendants, Kevin Manis and Walter Manis. While the action was pending, counsel for the defendants filed a "Suggestion of Death" indicating that Walter Manis had died. The action proceeded to trial, and the jury returned a verdict in favor of Kevin Manis. We, therefore, refer in this opinion to Kevin Manis as the defendant.

[2] Although it is undisputed that the court granted the motion in limine, we note that the Superior Court case detail sheet does not reflect a ruling on the motion. At oral argument before this court, counsel for the plaintiff indicated that the trial court ruled on the motion in chambers, while counsel for the defendant recalled that the trial court ruled on the motion in open court. There is nothing in the record from which we can determine when or where the trial court ruled on the motion.

[3] The excerpt from the defendant's testimony provides in relevant part as follows:

"[The Defendant]: Somebody came up to the door, it was a police officer, and they asked me exactly what happened. And I told them as to what happened. And then they went and did whatever else they were having to do that day in that accident.

"[The Plaintiff's Counsel]: Did you—did you talk to them at all about skid marks?

"[The Defendant's Counsel]: Objection, Your Honor.

"The Court: Sustained.

"[The Plaintiff's Counsel]: What's the objection, Your Honor? What's the basis?

"The Court: The court's made a ruling on the issue so move on, please.

\* \* \*

"The Court: [W]e discussed the skid marks in conjunction with the defendant's motion in limine, which I granted. And the one exception was I would allow the officer to testify about skid marks. You didn't even ask the officer about skid marks. And I wouldn't allow her to testify about the length if she mentioned skid marks. So to ask him about skid marks, the defendant, is totally inappropriate in light of my earlier ruling—

"[The Plaintiff's Counsel]: Your Honor—

"The Court: —and the case that I cited decided by the Supreme Court.

\* \* \*

"The Court: Look, I made a ruling about—

"[The Defendant's Counsel]: Right.

"The Court: —skid marks. You did not ask the officer about skid marks, which I would have allowed in my ruling. You're certainly not going to ask any lay witness about skid marks. Skid marks are out of the case based upon my earlier ruling and the Supreme Court case that I cited.

"[The Plaintiff's Counsel]: Your Honor, his testimony is that he—at his deposition he said he asked about speed.

"The Court: I didn't see his deposition. I don't care what he said at his deposition about skid marks. He's not going to testify about skid marks in this case based on my earlier ruling. We're done. See you at 2:00."

[4] In support of her argument that the record is adequate for review, the plaintiff also cites to a statement in the defendant's appellate brief indicating that the trial court granted the motion in limine.

[5] Pursuant to Practice Book § 61-10 (b), as amended to take effect on January 1, 2013, "[t]he failure of any party on appeal to seek articulation pursuant to Section 66-5 shall not be the sole ground upon which the court declines to review any issue or claim on appeal." As stated in the commentary to that rule, however, "[t]he adoption of subsection (b) is not intended to preclude the court from declining to review an issue where the record is inadequate for reasons other than solely the failure to seek an articulation, such as, for example, the failure to procure the trial court's decision pursuant to Section 64-1 (b) or the failure to provide a transcript, exhibits or other documents necessary for appellate review." Practice Book § 61-10, commentary.