******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JAMES DOE ET AL. *v.* ROBERT RACKLIFFE
(AC 37681)

DiPentima, C. J., and Sheldon and Bishop, Js.

*Argued January 19—officially released May 23, 2017*

(Appeal from Superior Court, judicial district of
Hartford, Elgo, J.)

*Pamela LeBlanc*, with whom, on the brief, were *Erin
E. Canalia* and *A. Ryan McGuigan*, for the appellants (plaintiffs).

*Laura Pascale Zaino*, with whom were *William J.
Sweeney, Jr.*, and, on the brief, *Richard C. Tynan* and
*Logan A. Forsey*, and for the appellee (substitute
defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiffs, James Doe and John Doe, appeal from the order of the trial court denying their motion for continued use of pseudonyms in their underlying civil action against the defendant, Robert Rackliffe, a pediatrician. On appeal, the plaintiffs claim that the court erred in denying their motion for continued use of pseudonyms (1) by requiring the plaintiffs to present live testimony at an evidentiary hearing as a prerequisite to permitting them to use pseudonyms and (2) because the existing record showed that the plaintiffs had substantial privacy interests in maintaining their anonymity that outweighed the public's interest in knowing the names of the parties. We disagree and, accordingly, affirm the order of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiffs commenced this action alleging, in a four count complaint dated May 1, 2014, that they were sexually assaulted as minors by the defendant. The first and third counts allege that the defendant sexually assaulted the plaintiffs, as minors, while they were his patients. The second and fourth counts allege negligence by the defendant in the care and treatment of the plaintiffs. All four counts further allege that as a direct and proximate result of the actions of the defendant, the plaintiffs have suffered physical injury, extreme emotional distress, fear, apprehension, and likely permanent psychological pain and mental anguish.

Simultaneously with filing their complaint on May 1, 2014, the plaintiffs filed an ex parte application for permission to use pseudonyms to commence their action against the defendant pursuant to Practice Book § 11-20A (h).[1] The court, *Robaina, J.*, granted the plaintiffs temporary permission to proceed under the pseudonyms "James Doe and John Doe," pending a hearing on the continued use of those pseudonyms. The hearing was scheduled originally for July 14, 2014, and then continued to July 28, 2014. On May 1, 2014, the plaintiffs filed a motion for the continued use of those pseudonyms (motion), to which the defendant objected on July 23, 2014.

In the defendant's objection, he asserted that the motion should be denied because the court did not have sufficient facts before it to support a finding under Practice Book § 11-20A (h) that the continued use of pseudonyms was necessary, and therefore "an evidentiary hearing on the motion should be held for the court to make the necessary finding . . . ." The defendant further noted that the plaintiffs' motion also should be denied because they had publicized their lawsuit to news media outlets "to advance their claim, to seek other plaintiffs and in general to bring their case public

without having to stand up and identify themselves as is normally required under our constitutional right to an open court system."

On July 28, 2014, the plaintiffs filed a reply to the defendant's objection, in which they asserted that an evidentiary hearing was not required because the allegations in their complaint were sufficient for the court to make the necessary finding under Practice Book § 11-20A (h). The plaintiffs further responded that their comments on the case to news media outlets did not amount to a forfeiture of their right to have their identities protected from the public.

On July 28, 2014, the court, *Berger, J.*, continued the hearing and scheduled an evidentiary hearing for October 8, 2014, in order to allow the parties to present evidence on the motion.[2] The plaintiffs submitted affidavits on September 19, 2014, and September 22, 2014, which described acts of sexual assault committed against them by the defendant. On September 24, 2014, the plaintiffs filed a supplemental memorandum in support of their motion, arguing that an evidentiary hearing was not required because the allegations in their complaint and the statements in their affidavits were sufficient for the court to make the necessary finding under Practice Book § 11-20A (h). In that supplemental memorandum, the plaintiffs specifically asserted that "[i]t is [the] plaintiffs' position that such evidentiary hearing should not be held in the instant matter because a hearing at this stage of the litigation would serve no other purpose than to subject the plaintiffs to further ridicule in a public forum, and exacerbate their severe emotional and psychological distress."

On October 8, 2014, the date for which an evidentiary hearing had been scheduled, the court, *Elgo, J.*, heard the arguments of the parties pertaining to the motion. A significant part of the arguments focused on whether an evidentiary hearing was required. Specifically, the defendant argued that an evidentiary hearing was required under Practice Book § 11-20A (h) because the record was insufficient to support any finding that the use of pseudonyms is necessary to preserve any interest that outweighed the public's interest in knowing the names of the parties. In turn, the plaintiffs insisted that the court could grant their motion based on their sworn affidavits, and indicated that no additional evidence would be proffered in support of their motion at the scheduled hearing.

On February 9, 2015, the court, *Elgo, J.*, held a hearing to make the requisite finding of notice required under Practice Book § 11-20A (h) (3). At that hearing, the court stated that the plaintiffs had not provided an adequate evidentiary basis for the court to permit the continued use of pseudonyms. The court also expressed its concern about the representations the plaintiffs had made to news media outlets pertaining to the case.

The court issued a written order on February 11, 2015, in which it concluded: "In the absence of an evidentiary hearing and based solely on the claims in the affidavits submitted by the plaintiffs, this court cannot find that the plaintiffs have met their burden of demonstrating that their privacy interests outweigh the public interest in knowing the names of the parties." The court continued that it "cannot reconcile how it can make findings requiring it to consider the relative interests of the parties and the public without considering the credibility and weight of the evidence being put forward to support the plaintiffs' claims that they will suffer future harassment, social stigmatization, and exacerbation of their emotional distress and psychological trauma if forced to reveal their identities." The court further noted: "Those factors, especially the claim that emotional distress and psychological trauma would be exacerbated, if proven after an evidentiary hearing, might have been enough to overcome the public's interest in open proceedings. *Vargas* v. *Doe*, 96 Conn. App. 399, [900 A.2d 525] (while embarrassment and humiliation in one's professional and social community is normally insufficient, the most compelling situations include social stigmatization, real danger of physical harm or where the injury litigated against would occur as a result of the disclosure of the party's identity), [cert. denied, 280 Conn. 923, 908 A.2d 546 (2006)]. An affidavit, however, while appropriate for ex parte relief, is inadequate at this stage." The court also noted: "Even if there were a full evidentiary hearing, also troubling to this court is the undisputed claim that the plaintiffs have brought this lawsuit to the attention of the news media. While the court assumes that their identities were not revealed, this lawsuit remains to be litigated and tried in open court. To call public attention to the fact of the litigation against the defendant also subjects the plaintiffs, and the testimony they must inevitably share in open court, to increased media attention, undermining to some extent their claim that they hope to limit further, unnecessary exposure, emotional distress and psychological trauma to themselves." Accordingly, the court denied the plaintiffs' motion. This appeal followed.[3] Additional facts will be set forth as necessary.

We address the two claims the plaintiffs raise on appeal together because they both rest on the plaintiffs' contention that the court was presented with sufficient evidence to conclude that they had substantial privacy interests in maintaining their anonymity that outweighed the public's interest in knowing the names of the parties. Specifically, the plaintiffs argue that the allegations of their complaint and averments in their affidavits left no room for the court to conclude other than that their privacy interests outweighed the public's interest in knowing the names of the parties, even with the media attention surrounding the case.

We begin by setting forth our well established standard of review and the relevant legal principles that guide our resolution of this claim. "We review a trial court's decision granting or denying a motion to seal to determine whether, in making the decision, the court abused its discretion. . . . Likewise, we review a trial court's decision on whether to permit a party to proceed anonymously to determine whether, in granting or denying such a request, the court employed its informed discretion . . . . Inherent [therefore] in the concept of judicial discretion is the idea of choice and a determination between competing considerations. . . . A court's discretion must be informed by the policies that the relevant statute is intended to advance. . . . When reviewing a trial court's exercise of the legal discretion vested in it, our review is limited to whether the trial court correctly applied the law and reasonably could have concluded as it did. . . . Practice Book § 11-20A provides the procedure courts must follow when considering . . . motions to permit parties to proceed anonymously." (Citations omitted; internal quotation marks omitted.) *Vargas* v. *Doe*, supra, 96 Conn. App. 408–409.

Pursuant to Practice Book § 11-20A (h) (1), "[p]seudonyms may be used in place of the name of a party or parties only with the prior approval of the judicial authority and only if the judicial authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in knowing the name of the party or parties."[4] "The procedure outlined in § 11-20A (h) (1) provides a road map for what long has been understood as a high threshold for granting applications to proceed anonymously . . . . The question the court first must address when considering such an application is whether, given the presumption of openness in all judicial proceedings, the [party] has a substantial privacy right which outweighs the customary . . . presumption of openness in judicial proceedings. . . . Furthermore, not all substantial privacy interests are sufficient to outweigh the public's interest in open judicial proceedings. The ultimate test for permitting a [party] to proceed anonymously is whether the [party] has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. . . . A [party's] desire to avoid economic and social harm as well as embarrassment and humiliation in his professional and social community is normally insufficient to permit him to appear without disclosing his identity. . . . The most compelling situations [for granting a motion to proceed anonymously] involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the [party's] identity. . . . There must be a strong social interest in concealing the identity of the

[party].'' (Citations omitted; internal quotation marks omitted.) *Vargas* v. *Doe*, supra, 96 Conn. App. 410–11. ''Because [l]awsuits are public events . . . [a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature . . . .'' *Doe* v. *Connecticut Bar Examining Committee*, 263 Conn. 39, 70, 818 A.2d 14 (2003).

Guided by the foregoing, we conclude that the court did not abuse its discretion in denying the plaintiffs' motion. We note that the relief sought by the plaintiffs on appeal does not request a remand for an evidentiary hearing but rather seeks a reversal of the trial court's denial of their motion for continued use of pseudonyms; in the alternative, they ask that the case be remanded so that ''the trial court can make findings of fact based on the full record, including the plaintiffs' affidavits.'' In reviewing the evidence before it and in accordance with what the plaintiffs seek now on appeal, the trial court correctly assumed that the plaintiffs were steadfastly[5] opposed to an evidentiary hearing and relied solely on their affidavits to support their motion. Thus, the court was left with the plaintiffs' affidavits only as the bases for determining whether they had met their burden of demonstrating substantial privacy interests in maintaining their anonymity that outweighed the public's interest in knowing their names.[6] See Practice Book § 11-20A (h) (1).

In their affidavits, the plaintiffs describe acts of sexual assault committed against them, as minors, by the defendant over the course of ten years while they were his patients. Both affidavits state that the plaintiffs had ''suffered physical injury, extreme distress, and likely permanent psychological pain and mental anguish'' as a result of the defendant repeatedly sexually assaulting them. The affidavits further provide that if the plaintiffs were not able to continue using a pseudonym in this case, they would ''suffer harassment, ridicule, severe humiliation, and even further emotional and psychological anguish.''

These affidavits, however, do not set forth any specific facts or evidence to support the plaintiffs' conclusory statements as to the harm they would suffer if they could not proceed anonymously. See generally *Stuart* v. *Freiberg*, 316 Conn. 809, 828–29, 116 A.3d 1195 (2015) (conclusory averments in affidavit inadequate to defeat motion for summary judgment); see also *Vargas* v. *Doe*, supra, 96 Conn. App. 410 (burden on movants ''to show why they should be permitted to proceed anonymously''); see, e.g., *Doe* v. *Diocese Corp.*, 43 Conn. Sup. 152, 161, 647 A.2d 1067 (1994) (court allowed plaintiff to use pseudonym in case where testimony of plaintiff expressed ''real concern and fear of shame and humiliation if he received public exposure,'' and testimony of plaintiff's therapist stated that he would ''strongly

[recommend] against public exposure . . . [as] it would create real problems with the plaintiff's therapy"); *Doe* v. *Firn*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-06-5001087-S (September 22, 2006) (court allowed plaintiff to use pseudonym in case where testimony of plaintiff "revealed that she ha[d] received psychological and psychiatric treatment related to the alleged assaults on fifteen or twenty occasions, and that she continue[d] to receive such counseling"). We are particularly mindful of the presumption set forth in Practice Book § 11-20A (a) that documents filed with the court should be available to the public. In light of that presumption, it is "only in those exceptional cases involving matters of a highly sensitive and personal nature"; (internal quotation marks omitted) *Doe* v. *Connecticut Bar Examining Committee*, supra, 263 Conn. 70; that a party should be permitted to use pseudonyms in the underlying civil action.

Here, the plaintiffs assert that their case involves matters of a highly sensitive and personal nature. See id.; see also *Vargas* v. *Doe*, supra, 96 Conn. App. 410–11. In particular, the plaintiffs' affidavits allege that they had substantial privacy interests in maintaining their anonymity in this case because they likely will suffer social stigmatization, due particularly to the nature of their allegation that the defendant, their pediatrician, had sexually assaulted them multiple times over ten years when they were minors. Although this court previously has recognized that "when allegations of sexual assault are involved, those who are alleged to be victims, especially minors, may have strong privacy interests in having the allegations and surrounding circumstances concealed from public scrutiny, the procedures that our rules of practice provide do not permit automatic approval of the use of pseudonyms by the party or parties involved. Rather, the rules of practice provide an intricate procedure that the court must follow prior to permitting the use of pseudonyms in any given case." *Vargas* v. *Doe*, supra, 96 Conn. App. 413. In particular, a prerequisite for a party to proceed anonymously under Practice Book § 11-20A (h) (1) is that the trial court must "determine the existence of a substantial privacy interest that outweighs the public interest in open judicial proceedings and . . . articulate any factual findings that would support such a conclusion." Id., 412.

Because the plaintiffs' affidavits merely stated the general nature of the privacy interests they asserted without providing factual or evidentiary support for that assertion,[7] we cannot conclude, on the basis of the record, that the court reasonably could only have determined that the plaintiffs' substantial privacy interests in maintaining their anonymity outweighed the public's interest in knowing their names.[8] We therefore conclude that the court did not abuse its discretion in denying the plaintiffs' motion.

The order is affirmed.

In this opinion the other judges concurred.

[1] Practice Book § 11-20A (h) (2) provides: "The judicial authority may grant prior to the commencement of the action a temporary ex parte application for permission to use pseudonyms pending a hearing on continuing the use of such pseudonyms to be held not less than fifteen days after the return date of the complaint." In addition, § 11-20A (h) (3) further provides in relevant part: "After commencement of the action, a motion for permission to use pseudonyms shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion . . . so that notice to the public is given of the time and place of the hearing on the motion and to afford the public an opportunity to be heard on the motion under consideration. . . ."

[2] The October 8, 2014 date was selected to accommodate the plaintiffs, who reside out of state.

[3] The defendant moved to dismiss the appeal, and this court denied that motion but ordered the parties to file supplemental briefs addressing whether the appeal should be dismissed for lack of a final judgment. After the parties briefed the final judgment issue, this court issued an order determining that "[t]he trial court order denying a motion for continued use of pseudonyms in this case is an appealable final judgment pursuant to the second prong of *State* v. *Curcio*, 191 Conn. 27, 31–36 [463 A.2d 566] (1983). See *Sabanovic* v. *Sabanovic*, 108 Conn. App. 89, 90 n.1 [946 A.2d 1288] (2008)."

[4] Practice Book § 11-20A (h) (1) further provides: "The judicial authority shall first consider reasonable alternatives to any such order and any such order shall be no broader than necessary to protect such overriding interest. The judicial authority shall articulate the overriding interest being protected and shall specify its findings underlying such order and the duration of such order. If any findings would reveal information entitled to remain confidential, those findings may be set forth in a sealed portion of the record. The time, date, scope and duration of any such order shall forthwith be reduced to writing and be signed by the judicial authority and be entered by the court clerk in the court file. The judicial authority shall order that a transcript of its decision be included in the file or prepare a memorandum setting forth the reasons for its order. An agreement of the parties that pseudonyms be used shall not constitute a sufficient basis for the issuance of such an order. The authorization of pseudonyms pursuant to this section shall be in place of the names of the parties required by Section 7-4A."

[5] We note that the plaintiffs continued to insist that the court could make the necessary finding under Practice Book § 11-20A (h) (1) based on their affidavits and therefore a full evidentiary hearing was not required.

[6] The plaintiffs also relied on their complaint to meet their burden of demonstrating that their substantial privacy interests in maintaining their anonymity outweighs the public's interest in knowing the names of the parties, and insisted that the statements therein were sufficient for the court to make the necessary finding under Practice Book § 11-20A (h). Their complaint, however, does not demonstrate how their substantial privacy interests in maintaining their anonymity outweighed the public's interest in knowing the names of the parties.

According to the plaintiffs' complaint, it alleges that the plaintiffs were patients of the defendant for over ten years. The complaint further alleges that during their visits to him for treatment the defendant sexually assaulted the plaintiffs by digital anal penetration and fondling their genitalia. The complaint also alleges that as a direct and proximate result of being sexually assaulted by the defendant, the plaintiffs have suffered, and will suffer, physical injury, extreme emotional distress, fear and apprehension, and psychological pain and mental anguish that required them to seek psychological and psychiatric treatment and prescription medication, that will continue in the future.

[7] In addition, we note that the court, in determining that the plaintiffs' affidavits did not provide a sufficient evidentiary basis for it to make the necessary finding under Practice Book § 11-20A (h) (1), afforded the plaintiffs an opportunity to present evidence beyond their affidavits in support of their motion at an evidentiary hearing. The plaintiffs, however, declined this opportunity. Therefore, to the extent that the plaintiffs claim that the court required them to present "live" testimony at an evidentiary hearing as a prerequisite to permitting them to use pseudonyms, that argument rests on a faulty assumption.

[8] Both parties and the court allude to the plaintiffs' publicizing the facts of this case to news media outlets. We acknowledge that "[w]here the public already is aware of the circumstances sought to be kept private and readily can identify the individuals involved in those circumstances, the privacy interest at stake may become substantially less weighty." *Vargas* v. *Doe*, supra, 96 Conn. App. 414 n.11. We need not discuss this further, however, as we have previously concluded in this opinion that, even without this evidence, we are not persuaded by the plaintiffs' claim that the trial court abused its discretion in not finding that they have substantial privacy interests in maintaining their anonymity that outweigh the public's interest in knowing their names.

───────────────────────────