# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William F. Groulx,                              :
                          Petitioner            :
                                                :
              v.                                :    No. 121 M.D. 2018
                                                :    Submitted: November 13, 2020
Pennsylvania State Police,                      :
                          Respondent            :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED:  January 26, 2021


Presently before the Court is an Application for Summary Relief (Application) filed by the Pennsylvania State Police (PSP), requesting that the Court grant it summary relief and enter judgment in its favor on an Amended Petition for Review in the Nature of a Writ for Mandamus (Amended Petition) filed by William F. Groulx (Groulx). In the pro se Amended Petition, Groulx challenges the constitutionality of subchapter I of the most recent enactment of a sexual offender registration scheme, Act of June 12, 2018, P.L. 140, No. 29 (Act 29), 42 Pa.C.S. §§ 9799.10-9799.75.[2] Specifically, Groulx claims that applying Act 29 to him

---

[1] This case was assigned to the opinion writer prior to January 4, 2021 when Judge Brobson became President Judge.

[2] Act 29 amended the Act of February 21, 2018, P.L. 27, No. 10 (Act 10). Act 10 and Act 29 are collectively referred to herein as Act 29.

violates the prohibition against *ex post facto* application of laws found in the United States and Pennsylvania Constitutions;[3] no version of a sexual offender registration scheme applies to him; and he is entitled to damages for the reputational harm he has suffered. In light of the Pennsylvania Supreme Court's decision in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), we grant PSP's Application.

In March 2018, Groulx commenced this action by filing a Petition for Review in this Court's original jurisdiction. After PSP filed preliminary objections, which this Court sustained in part and overruled in part, *see Groulx v. Pennsylvania State Police* (Pa. Cmwlth., No. 121 M.D. 2018, filed Jan. 24, 2019), Groulx, with leave of Court, filed the Amended Petition. Therein, Groulx alleges as follows. In May 2012, Groulx was charged with 194 counts of child pornography in violation of Section 6312(d) of the Crimes Code, 18 Pa.C.S. § 6312(d), stemming from actions that occurred in October 2010. (Amended Petition ¶¶ 5, 20.) In March 2013, he pled guilty to 1 count of child pornography, and in June 2013, he was sentenced to 25-50 years in prison. According to Groulx, requiring him to register as a sex offender under Act 29's predecessor, the Sexual Offender Registration and Notification Act (SORNA),[4] violates the constitutional prohibition against *ex post facto* laws since Groulx committed the offense for which he was convicted prior to SORNA's enactment. (Amended Petition ¶¶ 18-20 (citing *Commonwealth v. Muniz*, 164 A.3d

---

[3] Article I, Section 17 of the Pennsylvania Constitution provides, "No *ex post facto* law . . . shall be passed." PA. CONST. art. I, § 17. The United States Constitution has two provisions that prohibit *ex post facto* laws: one, contained in Article I, Section 9, Clause 3 of the United States Constitution, U.S. CONST. art. I, § 9, cl. 3, which applies to Congress, and the other, contained in Article I, Section 10, Clause 1 of the United States Constitution, U.S. CONST. art. I, § 10, cl. 1, which applies to the states.

[4] 42 Pa.C.S. §§ 9799.10-9799.41. Our Supreme Court held that SORNA was unconstitutional in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *cert. denied sub nom. Pennsylvania v. Muniz*, 138 S. Ct. 925 (2018).

2

1189, 1193 (Pa. 2017), *cert. denied sub nom. Pennsylvania v. Muniz*, 138 S. Ct. 925 (2018)).) Groulx argues that, at best, he would be subject to one of the prior versions of Megan's Law, all of which have been found unconstitutional,[5] meaning he cannot be subject to registration at all. In addition, Groulx argues that application of Act 29 to him would likewise violate the *ex post facto* clause. Groulx asks the Court to remove him from the sexual offense registry and also seeks damages in excess of $1 million on the basis that his reputation has been harmed by his wrongful inclusion on the public registry.

PSP subsequently filed preliminary objections to the Amended Petition, which were overruled. Accordingly, PSP filed an Answer and New Matter, to which Groulx responded. Upon the close of the pleadings and the Pennsylvania Supreme Court's decision in *Lacombe*, PSP filed the instant Application. In the Application, PSP argues that Act 29 applies to Groulx because he committed his offense between April 22, 1996, and December 20, 2012. (Application ¶ 6 (citing Section 9799.55 of Act 29, 42 Pa.C.S. § 9799.55).) Further, PSP asserts that, pursuant to *Lacombe*, Act 29 is not punitive and does not violate the prohibition against *ex post facto* laws. Finally, PSP argues that it is entitled to sovereign immunity for any damages Groulx seeks. PSP requests the Court grant its Application and enter judgment in its favor as a matter of law.

---

[5] The Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), 42 Pa.C.S. §§ 9791-9799.6, commonly referred to as Megan's Law I, was declared unconstitutional in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999). The General Assembly subsequently enacted the Act of May 10, 2000, P.L. 74, commonly referred to as Megan's Law II, which was deemed constitutionally infirm by *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003). In response, the General Assembly enacted the Act of November 24, 2004, P.L. 1243, commonly referred to as Megan's Law III, which was struck down as violating the single subject rule of the Pennsylvania Constitution by *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013). SORNA replaced Megan's Law III.

Groulx opposes the Application, reiterating the legal arguments he makes in his Amended Petition. Groulx further argues *Lacombe* does not control because the Pennsylvania Supreme Court in that case did not address the fact that prior sexual offender registration schemes were unconstitutional and, therefore, could not serve as the basis for requiring registration. He argues that Section 9799.55 of Act 29 does not apply to him because, although his offense occurred within the time period set forth in that section, he was not required to register under a former sexual offender registration scheme, which is also required by that provision. Groulx also disputes that sovereign immunity bars his damages claim. Specifically, Groulx argues the defense is waived because PSP did not raise it in either set of preliminary objections it filed, although Groulx admits PSP pled the affirmative defense in its New Matter.

The Court "may grant summary relief where the dispute is legal rather than factual," there are no facts in dispute, and the "right to relief is clear." *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1220 (Pa. Cmwlth. 2018). In considering an application for summary relief, the Court must review the record "in the light most favorable to the opposing party." *Id.* "Even if the facts are undisputed, the moving party has the burden of proving that its right to relief is so clear as a matter of law that summary relief is warranted." *Naylor v. Dep't of Pub. Welfare*, 54 A.3d 429, 431 n.4 (Pa. Cmwlth. 2012) (citation omitted).

Here, PSP argues Groulx is required under Act 29 to register as he committed his offense within the time period specified in the statute. We agree. Act 29 provides that the registration requirements apply to individuals convicted of offenses "committed on or after April 22, 1996, but before December 20, 2012." 42 Pa.C.S. § 9799.55(a) (related to 10-year registration); (b) (related to lifetime registration). By his own admission, Groulx committed his offense in October 2010. Therefore,

4

he is subject to Act 29, provided the statute does not constitute an *ex post facto* law, which leads us to the second issue. The Pennsylvania Supreme Court in *Lacombe* held that subchapter I of Act 29 was nonpunitive and did not violate the *ex post facto* clause. In that case, one of the appellees was convicted in 2014 for offenses occurring between January 2006 and December 2012, which was before the enactment of SORNA and Act 29. Despite this, the Supreme Court determined that application of Act 29 to the appellees did not "constitute criminal punishment, and the *ex post facto claims* forwarded by [the] appellees necessarily fail."[6] *Lacombe*, 234 A.3d at 626-27. Accordingly, the Pennsylvania Supreme Court reversed the trial court's orders, which had relieved the appellees from their duty to comply with subchapter I of Act 29. *Id.* at 627. Pursuant to *Lacombe*, we must reject Groulx's *ex post facto* claim.

Remaining is Groulx's claim for damages caused by harm to his reputation. PSP argues it is entitled to sovereign immunity, but Groulx asserts this affirmative defense is waived as PSP did not raise it in its preliminary objections to Groulx's original or Amended Petition. Rule 1030(a) of the Pennsylvania Rules of Civil Procedure provides that "[a]ll affirmative defenses including but not limited to . . . immunity from suit . . . shall be pleaded in a responsive pleading under the heading 'New Matter' . . . ." Pa.R.C.P. No. 1030(a). Importantly, Groulx concedes PSP raised sovereign immunity as an affirmative defense in its New Matter to the Amended Petition. Groulx cites no support for the proposition that PSP was also required to raise the defense in its preliminary objections. In fact, generally courts

---

[6] The Court notes that the Pennsylvania Supreme Court recently found application of Act 29 to individuals who committed their offenses prior to enactment of **any** sexual offender registration scheme did not violate the *ex post facto* clause. *T.S. v. Pa. State Police* (Pa., No. 34 MAP 2020, filed Dec. 22, 2020) (reversing *T.S. v. Pa. State Police*, 231 A.3d 103 (Pa. Cmwlth. 2020)).

do not allow a party to plead the affirmative defense of immunity as a preliminary objection unless it is "clearly applicable on the face of the complaint." *R.H.S. v. Allegheny Cnty. Dep't of Human Servs.*, 936 A.2d 1218, 1227 (Pa. Cmwlth. 2007). Here, PSP complied with the Rules of Civil Procedure, thereby preserving the affirmative defense.

Turning then to the merits of whether sovereign immunity bars Groulx's damages claim, we conclude it does. Article I, Section 11 of the Pennsylvania Constitution provides that "[s]uits may be brought against the Commonwealth in such a manner, in such courts and in such cases as the Legislature may by law direct." PA. CONST. art. I, § 11. Pursuant to the Pennsylvania Constitution, the General Assembly declared "that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. § 2310. Section 8522(b) of what is commonly referred to as the Sovereign Immunity Act, 42 Pa.C.S. § 8522(b), sets forth 10 exceptions where a Commonwealth party may be liable.[7] To the extent Groulx is asserting an intentional tort, PSP is entitled to sovereign immunity as it was performing its statutory duties under Act 29. *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992). Moreover, to the extent Groulx is asserting negligence, none of the exceptions in Section 8522(b) apply.

Because Groulx is required to register under Act 29, which the Pennsylvania Supreme Court has found does not violate the *ex post facto* clause, and any claim for

---

[7] The exceptions involve: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. 42 Pa.C.S. § 8522(b).

6

damages to Groulx's reputation are barred by sovereign immunity, we grant PSP's Application.

_____

**RENÉE COHN JUBELIRER,** Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William F. Groulx,           :
                  Petitioner :
                             :
            v.               :    No. 121 M.D. 2018
                             :
Pennsylvania State Police,   :
                  Respondent :

## **O R D E R**

**NOW**, January 26, 2021, the Application for Summary Relief filed by the Pennsylvania State Police is **GRANTED**.

 

_____

**RENÉE COHN JUBELIRER,** Judge