## TROY KIDWELL *v.* MILAGROS CALDERON
## (AC 25089)

Bishop, Harper and Pellegrino, Js.

Argued September 20—officially released December 19, 2006

*H. Jeffrey Beck,* for the appellant (defendant).

*William J. Neary,* for the appellee (plaintiff).

*John J. Mager,* guardian ad litem for the minor child.

PELLEGRINO, J. The defendant mother, Milagros Calderon, appeals from the judgment of the trial court granting sole custody of her minor child to the plaintiff father, Troy Kidwell, who instituted this custody action. On appeal, the defendant claims that the court abused its discretion when it modified the original order of custody without a written motion or an amendment to the original custody petition submitted by the plaintiff. We affirm the judgment of the trial court.

The following facts and procedural history are necessary for the resolution of the defendant's appeal. In May, 2002, the plaintiff filed a custody complaint seeking joint legal custody of his minor son, liberal and flexible rights of visitation, and "[a]ny further orders that the [c]ourt and law or equity deems necessary." The plaintiff also filed a motion for visitation pendente lite. On July 18, 2002, the parties agreed to physical custody of the minor child with the defendant and overnight visitation with the plaintiff on alternating weekends, as well as two midweek visitations. The plaintiff thereafter sought to have the matter referred to the family relations division of the Superior Court so that a visitation study could be conducted because he desired additional visitation privileges. The defendant refused to give the plaintiff additional visitation rights and instead sought sole custody. The court, *Bassick, J.*, referred the matter to the family relations division on September 5, 2002.

In July, 2003, attorney John J. Mager was appointed guardian ad litem for the minor child. After attempting to make contact with the defendant for more than one month, he met with her sometime in August, 2003, and advised her to call the family relations counselor who conducted the visitation study. Although the defendant was required to contact the family relations counselor by August 6, 2003, she did not call her until August

27, 2003. During this telephone conversation, she was informed that the custody evaluation process already had been completed, due to her failure to contact the family relations counselor within the specified time frame.[1]

In September, 2003, the matter was assigned to the court, *B. Fischer, J.*, for a hearing on the custody complaint. The defendant filed a motion for a continuance at that time, claiming that she needed to hire an attorney. On September 24, 2003, Judge Fischer granted the defendant's motion for a continuance and rescheduled the hearing date for October 29, 2003. On October 28, 2003, new counsel appeared for the defendant and requested a further continuance so that counsel could prepare for the hearing and to allow her client to have one final opportunity to be interviewed by the family relations counselor, despite the fact that the defendant had, on prior occasions, refused to participate in the custody evaluation process. Although Judge Fischer initially denied the request for a further continuance, he subsequently granted that request, despite the vigorous objection by the plaintiff's attorney, so that the defendant could be interviewed on October 31, 2003, by the family relations counselor. Judge Fischer then continued the matter to November 12, 2003, for the custody hearing.

At the October 31, 2003 interview, which the defendant attended, the family relations counselor reported that the defendant appeared to be intoxicated in that she had a strong order of alcohol, looked drowsy and was slurring and mispronouncing her words. When asked if she had consumed any alcohol, the defendant stated that she needed a drink to calm her nerves before

[1] The defendant did not explain to the family relations counselor why it took her so long to respond to the letters and telephone messages she previously had received.

the interview. In an effort to reschedule the interview, the family relations counselor asked the defendant to take a urine test, but the defendant refused. On November 5, 2003, the family relations counselor filed her report with the court and recommended that sole custody of the minor child be given to the plaintiff.

On November 12, 2003, the parties and their respective attorneys appeared at the hearing to consider the plaintiff's custody complaint. Judge Fischer heard testimony from the defendant and the family relations counselor, who, consistent with her report, recommended sole custody in favor of the plaintiff. The guardian ad litem for the minor child, Mager, also appeared and testified that he met with his ward, who had no objection to the sole custody change to his father. Mager testified that he agreed with the recommendation of the family relations counselor that it would be in the best interest of the minor child that sole custody be awarded to the plaintiff. At the conclusion of the hearing, Judge Fischer ordered that the plaintiff be awarded sole custody of the minor child. The defendant filed a motion to reargue, which the court denied. This appeal followed.

The defendant claims that because the plaintiff did not specifically ask for sole custody in his complaint or file a motion seeking sole custody, the court abused its discretion in granting him sole custody.

As a threshold matter, we first consider whether there is an adequate record for review. An adequate record generally includes either a memorandum of decision or a transcript signed by the trial judge; Practice Book § 64-1; and the appellant bears the responsibility of providing such. Practice Book § 60-5; *Chase Manhattan Bank/ City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). The defendant did not provide

this court with either a written memorandum of decision or a signed transcript, but an unsigned transcript of the proceedings has been provided. On occasion, we will entertain appellate review of an unsigned transcript when it sufficiently states the court's findings and conclusions. *Tisdale* v. *Riverside Cemetery Assn.*, 78 Conn. App. 250, 254 n.5, 826 A.2d 232, cert. denied, 266 Conn. 909, 832 A.2d 74 (2003). We have reviewed the transcript of this case and find that it is adequate for our review.

The defendant contends in this appeal that the failure of the plaintiff to seek sole custody specifically in his prayer for relief or by motion deprived her of due process, as the trial court acted "without proper motion before it." We are not persuaded.

We agree that although a court has broad discretionary authority when determining custody orders, it must "exercise that authority in a manner consistent with the due process requirements of fair notice and reasonable opportunity to be heard. . . . A custody [or visitation] order cannot be modified without adequate notice and opportunity to be heard." (Internal quotation marks omitted.) *Berglass* v. *Berglass*, 71 Conn. App. 771, 782–83, 804 A.2d 889 (2002).

Cognizant of the defendant's due process rights, the court in the present case ordered a custody hearing and continued the case twice to give the defendant sufficient time to prepare. Considering the fact that the defendant filed her first motion for a continuance on September 22, 2003, the court gave the defendant nearly two months to prepare for the custody hearing, which eventually was scheduled for November 12, 2003. The family relations counselor and the child's guardian ad litem testified at this hearing, and the defendant therefore had the opportunity to cross-examine the witnesses.[2] Finally, the defendant was given the

---

[2] The defendant was well aware of the counselor's custody recommendation prior to the November 12, 2003 custody hearing because she spoke with the family relations counselor on August 27, 2003. This telephone

opportunity to be heard, as she also testified at the November 12, 2003 custody hearing. In light of the circumstances, the court satisfied the requirements of due process while adjudicating the best interest of the child.

In the present case, the plaintiff sought joint legal custody and any further orders that the court deemed necessary. When looking at the relief sought in the custody complaint alone, it is difficult to understand the defendant's contention that the court was limited, if at all, to making an award of joint legal custody. It is here that we must reiterate the principle that when making or modifying custody orders, the court's ultimate concern is determining the best interest of the child. *In re Anthony E.*, 96 Conn. App. 414, 418, 900 A.2d 594, cert. denied, 280 Conn. 914, 908 A.2d 535 (2006). We conclude that the court did, in fact, properly consider the best interest of the child in its award of sole custody to the plaintiff.

In light of the testimony and recommendations of the family relations counselor and the child's guardian ad litem, the testimony of the defendant and the court's conclusions concerning all of the evidence before it, we cannot conclude that the court abused its discretion. We conclude that the evidence was sufficient for the court to find that it was in the best interest of the minor child that the custody arrangements be changed and, therefore, that it was in the best interest of the child for the plaintiff to have sole custody, with visitation rights in the defendant at the plaintiff's discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

conversation, along with the defendant's access to the final report filed on November 5, 2003, with the family relations division, was sufficient to put the defendant on notice that the court would consider the possibility of following the report's recommendation to award sole custody of the child to the plaintiff.