******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dis-
solved, appealed to this court from the judgment of the trial court
granting the plaintiff's postjudgment motion for modification of the
parenting plan concerning the parties' minor child as set forth in the
parties' separation agreement, which had been incorporated into the
dissolution judgment. Under the separation agreement, the parties
shared joint legal and physical custody of the child with a shared parent-
ing plan. The plaintiff sought a modification of the parental access orders
to allow him to have additional time with the child. Prior to a hearing
on the motion for modification, the plaintiff filed his compliance with
trial management orders, in which he requested sole custody of the
minor child, and the trial court denied, inert alia, the defendant's motion
in limine, in which she sought to preclude the admission of evidence
on the issue of a change in custody. Following a hearing on the motion
for modification, which was held on three days over a period of three
months, the trial court awarded the plaintiff sole legal custody of the
minor child. On appeal, the defendant claimed, inter alia, that the trial
court improperly awarded sole custody to the plaintiff when the plaintiff
failed specifically to include a claim for sole legal custody in his motion
for modification, as required by the applicable rule of practice (§ 25-
26), and, thus, that she lacked adequate notice that a change in legal
custody was contemplated. *Held* that the trial court did not err in granting
the plaintiff sole legal custody of the parties' minor child; although the
plaintiff's motion for modification did not specifically request the relief
of sole legal custody, the record showed that the defendant had notice
that custody issues would be raised at the hearing, as the motion specifi-
cally requested a broader role for the plaintiff and the defendant had
at least several months to prepare for the hearing on the motion for
modification following the denial of her motion in limine concerning
the issue of a change in custody, and because the defendant failed to
provide this court with the transcripts of the three day hearing on the
motion for modification, this court was unable to find an abuse of
discretion by the trial court or to determine that the defendant was
harmed by any degree of curtailed notice.

Argued April 17—officially released September 5, 2017

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Hartford, and tried to the court, *M. Taylor, J.*;
judgment dissolving the marriage and granting certain
other relief in accordance with the parties' agreement;
thereafter, the court, *Ficeto, J.*, granted the plaintiff's
motion for modification, and the defendant appealed
to this court. *Affirmed.*

*Derek V. Oatis*, for the appellant (defendant).

*Campbell D. Barrett*, with whom were *Johanna S.
Katz* and, on the brief, *Jon T. Kukucka*, for the appel-
lee (plaintiff).

*Opinion*

BEACH, J. The defendant, Teresa Lugo, appeals from the trial court's judgment granting the postdissolution motion for modification filed by the plaintiff, William Lugo. On appeal, the defendant claims that the court erred in (1) granting the plaintiff's motion for modification by awarding the plaintiff sole legal custody of the minor child, and (2) denying her motion in limine seeking to prevent consideration of the question of sole legal custody. We affirm the judgment of the trial court.

The following facts and procedural history are relevant. The parties were married on July 12, 2003. They have one minor child. In 2008, the plaintiff filed for a divorce. On August 10, 2010, the court, *M. Taylor, J.*, rendered a judgment of dissolution that incorporated by reference a separation agreement entered into by the parties. The separation agreement provided that "[t]he parties shall have joint legal and shared physical custody of the minor child with a shared parenting plan for their child."

On April 10, 2014, the plaintiff filed a motion for modification in which he noted that the parties had joint legal and shared custody of the minor child and had a specific parenting schedule. He stated that "the current orders are not in the best interest of the minor child. The plaintiff respectfully requests that the court modify the parenting plan by altering the parties' parenting time to allow more time with the plaintiff father." The defendant requested that the court "modify the parental access orders to allow additional time with the plaintiff father, and such other and further relief as the court deems equitable."

A hearing on the motion was scheduled for September 3, 2015. On August 24, 2015, the plaintiff filed his compliance with trial management orders; in his compliance, he requested sole custody of the minor child. On August 26, 2015, the guardian ad litem for the minor child, Margaret Bozek, filed her proposed orders, which included a recommendation that the parties continue to have joint legal custody of the minor child, but that the plaintiff have final decision-making authority if the parties could not agree after consultation. In her August 31, 2015 proposed orders, the defendant requested that the parties continue to have joint legal custody of the minor child.

The hearing on the plaintiff's motion for modification was held on three days, September 3, October 8 and November 12, 2015. On the first day of the hearing, the defendant filed a motion in limine seeking to preclude the admission of evidence on the issue of a change in custody of the minor child. The record reflects that the court, *Ficeto, J.*, denied the defendant's motion on September 3, 2015. We do not know what reasoning was stated for the denial of the motion in limine because

we do not have a transcript of the hearing. On September 15, 2015, the defendant filed a motion for a continuance of the next hearing, then scheduled for September 21, because she needed more time to obtain information from the minor child's therapist. Although the court denied the motion for continuance, the next hearing was not held until October 8, 2015, and, as previously stated, a third session occurred on November 12, 2015.

In its memorandum of decision, the court ordered that the plaintiff was to have sole legal custody of the minor child, and that he was to keep the defendant apprised of all substantive matters concerning the minor child, including, but not limited to, educational programs, medical treatment, religious upbringing, attendance at camp, and participation in extracurricular activities. The court found that it was "abundantly clear" that the parties were unable to coparent despite the tools available to them since the dissolution, and that the parties' inability to coparent had a negative impact on the minor child. The court noted that the guardian ad litem had testified and had recommended joint custody with the plaintiff having final decision-making authority. The court further stated that all attempts to coparent amicably since the dissolution judgment had failed, and that "[t]here was nothing to suggest during the three days of evidence that the history between the parties will change to permit the feasibility of joint custody." After considering the best interest of the child and all other relevant statutory criteria, the court ordered that the plaintiff have sole legal custody of the minor child. This appeal followed.

The defendant makes the closely related claims that the court erred in denying her motion in limine and ordering sole custody to the plaintiff when the plaintiff failed specifically to include a claim for sole legal custody in his motion for modification, as required, she argues, by Practice Book § 25-26 (e).[1] The plaintiff argues that the defendant's claim is unreviewable because she has not provided transcripts of the hearing on the motion for modification and, therefore, the record is not adequate for review. The plaintiff argues substantively that his motion for modification did request other equitable relief, that the defendant had actual notice, and that, in any event, a trial court's conclusion as to custody will not be overturned for lack of specific pleading, so long as fundamental requirements of due process are met. The defendant contended at oral argument before this court that transcripts of the motion for modification hearing were not necessary because the resolution of the issue on appeal involves a plenary review of the motion for modification to ascertain whether, in light of § 25-26 (e), the court lawfully could award the plaintiff sole legal custody. We agree with the plaintiff.

The defendant's position, reduced to its essentials,

is that the plaintiff's motion for modification did not supply adequate notice that a change in legal custody was contemplated. The plaintiff contends that actual notice that custody was at issue was in fact supplied, by notice to the parties from the guardian ad litem, as early as April, 2015. The court made no finding, so far as we can tell, to that effect. We assume, then, for the purpose of this opinion, that the first formal notification of the specific remedy sought was made one week before the first hearing in the plaintiff's compliance with trial management orders. The general subject matter of child custody, of course, had been known for months. As previously noted, the plaintiff's motion for modification was not deficient in identifying prior orders sought to be modified or the grounds for modification. The motion did not, however, specifically request the relief of sole legal custody.

In the circumstances of this case, we cannot conclude that the court erred in granting the plaintiff sole legal custody. Significant case law supports the plaintiff's position on appeal. In *Kidwell* v. *Calderon*, 98 Conn. App. 754, 911 A.2d. 342 (2006), the plaintiff had filed a custody complaint seeking joint legal custody and "[a]ny further orders that the [c]ourt in law or equity deems necessary." Id., 755. The trial court awarded the plaintiff sole custody. The defendant argued to this court that "because the plaintiff did not specifically ask for sole custody in his complaint or file a motion seeking sole custody, the court abused its discretion in granting him sole custody." Id., 757. This court disagreed. Due process requirements of notice and reasonable opportunity to be heard had been satisfied; the defendant had adequate notice. Id., 758–59. Although the complaint had not requested the specific relief of sole custody, the requested relief was broadly stated and, in the circumstances of that case, the court properly considered the best interests of the child. Id.

Similarly, in *Petrov* v. *Gueorguieva*, 167 Conn. App. 505, 146 A.3d 26 (2016), the trial court had modified primary physical custody on a ground different from that asserted in the plaintiff's motion to modify. Id., 519. We held that modification was appropriate nonetheless. Id. The court was guided by the best interests of the child, and the record revealed that the defendant had adequate actual notice of the ground relied on and an opportunity to contest the ground. Thus, "the [plaintiff's] failure to raise [the] ground in filing his motion to modify did not unduly prejudice or surprise the defendant." Id., 522.

In the present case, the record shows that the defendant had notice that custody issues would be raised at the hearing on the motion for modification. Although her motion for continuance was formally denied, the defendant had at least several months to prepare. The motion to modify itself specifically requested a broader

role for the plaintiff, and the hearing took place over a period of three months. A purpose of specificity in pleadings is to provide notice; *Petrov* v. *Gueorguieva*, supra, 167 Conn. App. 518–19; and here, the defendant has not shown that notice was inadequate. Because the defendant has failed to provide us with the transcripts of the September 3, October 8 and November 12, 2015 proceedings, we are unable to find an abuse of discretion in the court's decisions on the motions for modification and in limine, and we are unable to determine that the defendant was harmed by any degree of curtailed notice. See, e.g., *Sabanovic* v. *Sabanovic*, 108 Conn. App. 89, 92, 946 A.2d 1288 (2008).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Practice Book § 25-26 (e) provides: "Each motion for modification shall state the specific factual and legal basis for the claimed modification and shall include the outstanding order and date thereof to which the motion for modification is addressed."

The plaintiff's motion appears to have complied with the language of Practice Book § 25-26 (e), in that it recited the prior order and stated a general basis. The defendant appears to take issue primarily with the *title* of the motion, "Motion for Modification of Parenting Plan–Post Judgment." Her principal argument is that the motion did not provide adequate notice that the question of legal custody would be addressed and amended.